## Estate of Peter H. Petterson, Deceased.   Appeal of Elizabeth Petterson.

*Wills—Widow's election—Dying without known kindred—Acts of April 8, 1833 and April 20, 1869.*

Where a testator leaves surviving him a widow, but no known heirs or kindred, and by his will he devises and bequeaths his property to strangers, his widow in electing to take against his will, cannot claim the entire estate, but only one half of the personal estate absolutely and one half of the real estate for life.

Argued Jan. 23, 1900.   Appeal, No. 405, Jan. T., 1899, by Elizabeth Petterson, from decree of O. C. Phila. Co., dismissing exceptions to adjudication.   Before McCollum, Mitchell, Dean, Fell, Brown and Mestrezat, JJ.   Affirmed.

Exceptions to adjudication.

Ashman, J., filed the following opinion:

The testator left surviving him a widow, but no known heirs or kindred, and by his will he devised and bequeathed his property to strangers. In electing to take against his will, the widow claimed the entire estate. Her claim was founded upon section 1 of the Act of April 20, 1869, P. L. 77, giving to a widow who elects to take against her husband's will such interest in the real estate of her husband as the widows of intestates are entitled to under existing laws, which, by the act of April 8, 1833, was such estate as the intestate himself had, where he died without known heirs or kindred. If the contention of the claimant is right, her election revoked the will. The conclusion inevitably follows that a man who outlives all of his kindred cannot, without his wife's consent, make a valid will as to any part of his property. Is this the meaning of the acts relating to the succession of estates?  Those acts and their supplements make up a system of law whose proper interpretation requires that every part shall be construed with reference to every other part.  They give the widow, where no lineal descendants survive, one half of the real estate of her husband for life, and one half of his personal estate absolutely; and in

default of both lineals and collaterals, they give her his entire estate. But in the latter case, they prescribe as the method by which alone she will be permitted to take that she shall prove, not only that the husband died without leaving known heirs or kindred, but also that he died intestate. The petition of the widow must set forth these facts, and must be verified by oath or affirmation: Act of April 6, 1833, section 1. This remedy being statutory must be strictly pursued (act of March 21, 1806), and manifestly it cannot be adopted by the claimant here. Whatever difficulty may seem to arise is removed if the word "heirs," in the section relied upon by the claimant, was used, as it probably was, in the popular sense, under which all persons who take the estate of a decedent, whether by virtue of his will or by operation of law, are equally comprehended. We think that the auditing judge was right in holding that, as the testator died without leaving issue, the petitioner was entitled to that share of his estate which, in default of such issue, she would take under the intestate laws. But we think that, in so much of the balance as represents the proceeds of sale of real estate, her interest was only a life estate in a moiety thereof. The conversion worked by the direction to sell was inoperative as to her, because she could not accept one part of the will and reject another, and because the estate passed to her under the shape in which, at the moment of his death, it was held by the testator: Cunningham's Estate, 137 Pa. 621.

With this modification the adjudication is confirmed.

*Errors assigned* were in dismissing exceptions to adjudication.

*Harold Goodwin*, for appellant, cited Cunningham's Est., 137 Pa. 621; Gallagher's Est., 76 Pa. 296; Heineman's App., 92 Pa. 95; Bradfords v. Kents, 43 Pa. 474; Hinnershits v. Bernard, 13 Pa. 518; Melizet's App., 17 Pa. 449; Broad Top Coal & Iron Co. v. Riddlesburg Coal & Iron Co., 65 Pa. 435; Walker v. Hall, 34 Pa. 483.

*H. C. McDevitt*, for appellee, was not heard.

PER CURIAM, February 26, 1900:

We are satisfied from an examination of the statutes on which

the appellant relies to sustain her contention, and of the cases cited by her counsel, that a correct conclusion was reached by the orphans' court.

We affirm the decree on Judge ASHMAN's opinion.

Decree affirmed.