In the Matter of the Distribution of the Surplus Money arising upon the Sale of the Real Estate of JOHN C. ZAHRT, deceased.

| 94 | 605 |
|----|-----|
| 113 | 235 |
| 94 | 605 |
| 172 | 1 30 |
| 172 | 1 32 |
| d172 | 1 387 |

The will of Z., after directing payment of debts, funeral expenses, etc., gave to his wife during her life " the rents, income, interest, use and occupancy " of all his estate, real and personal, upon condition that she keep the buildings and personal property insured, pay all taxes and assessments, and keep said estate in good repair. *Held,* that the provision was inconsistent with the assertion of a dower right, and so must be construed as in lieu of dower; and, the widow having accepted the provision so made, that she could not thereafter claim dower.

*Lewis* v. *Smith* (9 N. Y. 502), distinguished.

A widow who, by the will of her deceased husband, has a life estate in lands of which he died seized, in case of sale upon foreclosure of a mortgage thereon leaving a surplus, is not entitled, as of right, to a gross sum for the value of her life estate in the surplus to be estimated pursuant to rule 71 of the General Rules of Practice.

Except in the case of dower which is provided for by the Code of Civil Procedure (Subd. 3, '§ 2793), whether the widow shall have a gross sum in lieu of a life estate rests in the discretion of the court.

Said rule simply provides for the manner of estimating the gross sum when it is allowed.

(Argued January 16, 1884; decided February 8, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an

order made September 11, 1883, which affirmed a decree of the surrogate of the county of Kings.

The nature of the decree and the material facts are stated in the opinion.

*Geo. W. Roderick* for appellant. The claim of dower is to be favored, and the presumption is that a provision in a will, not expressed to be in lieu of dower, was intended as a bounty in addition. (*Sanford* v. *Jackson*, 10 Paige, 266 ; *Bull* v. *Church*, 2 Denio, 430 ; 5 Hill, 206 ; *Lewis* v. *Smith*, 9 N. Y. 502 ; *Fuller* v. *Yates*, 8 Paige, 325 ; *Leonard* v. *Steele*, 2 Barb. 20 ; *Adsit* v. *Adsit*, 2 Johns. Ch. 448 ; *Wood* v. *Wood*, 5 Paige, 596 ; *Sullivan* v. *Mara*, 43 Barb. 523 ; *Birmingham* v. *Kirwin*, 2 S. & L. 452 ; *Webb* v. *Evans*, 1 Bin. 565 ; *Mc-Cullough* v. *Allen*, 3 Yates, 10.) This presumption can only be overcome where it appears from the will itself that it was clearly the intention of the testator that the widow should elect between the provisions in the will and her dower, and such intention must be manifested by the provisions of the will, being so repugnant to the claim of dower that they cannot stand together. (*Birmingham* v. *Kirwin*, 2 S. & L. 452 ; *Lewis* v. *Smith*, 9 N. Y. 502 ; 1 Roper on Husband and Wife, 582.) It is not sufficient to exclude the claim of dower that the testator, if he had contemplated the subject of dower, would probably have inserted a provision in his will declaring the disposition in favor of the widow to be in lieu of dower ; the court must be satisfied, from the will itself, that he contemplated the subject of dower and intended to exclude such claim. (*Dawson* v. *Bell*, 1 Kern. 761 ; *Yates* v. *Fuller*, 8 Paige, 330.) The doctrine of election is the same in all cases. The principle upon which it is founded is the same, whether applied in the case of a widow or of a devisee. (*Sandford* v. *Jackson*, 10 Paige, 270 ; *Leonard* v. *Steele*, 4 Barb. 20.) The use of the following language by the testator in his will, viz., " all my real and personal estate that I may be entitled at the time of my decease," should be construed in reference to real estate, as meaning all the interest in real estate of which he

was possessed and of which he had the power of transferring, and this did not include the right of dower of his wife. (*Harrison* v. *Harrison*, 1 Keen, 768; *Dawson* v. *Bell*, id. 761; *Ellis* v. *Lewis*, 3 Hare, 310; *Church* v. *Bull*, 2 Denio, 432; *Sandford* v. *Jackson*, 10 Paige, 266; *Lewis* v. *Luther*, 9 N. Y. 502, 511.) The fact that the devise is conditional does not change this rule of construction. (*Sandford* v. *Jackson*, 10 Paige, 266; *Bull* v. *Church*, 2 Denio, 432; *Dawson* v. *Bell*, 1 Keen, 761; *Harrison* v. *Harrison*, id. 765; *Webb* v. *Evans*, 1 Bin. 565.) The appellant is entitled to have the value of her life estate estimated pursuant to rule 71 of the General Rules of Practice, and the gross sum paid to her. (*Poff* v. *Kinney*, 1 Bradf. 1; Code of Civil Procedure, §§ 2, 17.)

*H. C. Place* for respondent. The affirmative acts of the petitioners constitute an acceptance of the provisions of the will in lieu of dower. (*Lewis* v. *Small*, 9 N. Y. 502–513; *Dodge* v. *Dodge*, 31 Barb. 413; *Sullivan* v. *Mara*, 43 id. 253; *Savage* v. *Bomham*, 7 N. Y. 561–575; *Tobias* v. *Ketchum*, 32 id. 319; *Vernon* v. *Vernon*, 53 id. 362; *Chamberlain* v. *Chamberlain*, 44 id. 441; 2 Banks' Rev. Stat. [6th ed.] 1122.)

EARL, J. This is an appeal taken by Eliza Zahrt, the widow of John C. Zahrt, deceased, from a decree of the Surrogate's Court of Kings county, made upon the distribution of surplus moneys, amounting to upwards of $3,000, arising from a sale of certain real estate owned by the deceased at the time of his death, upon the foreclosure of a mortgage thereon. On the hearing before the surrogate, the appellant claimed dower in one-third of the surplus money, and asked to have the gross sum representing the value thereof, computed pursuant to section 2793 of the Code of Civil Procedure, paid to her; and she also claimed to have a life estate in the remaining two-thirds of such surplus money, after the payment of certain creditors of the estate, as devisee in the will of the deceased, and asked to have the gross sum representing the value

of such life estate estimated pursuant to rule 71 of the General Rules of Practice. The surrogate held that the provision in her husband's will in her favor was in lieu of dower, and that she was put to her election, and that, having accepted the benefit of the provision, she relinquished her claim of dower. He further held that he had no power to estimate the value of the life estate in the surplus money, and directed that after the payment of certain debts of the deceased, the balance be paid to the county treasurer of Kings county, to be invested by him in the securities specified in section 2796 of the Code ; that the income arising therefrom be paid to her during her life, and that upon her death the principal sum be paid to the respondents, the children of the deceased.

The will, after directing the payment of debts, funeral and testamentary expenses, contains the following provision : " I give, devise and bequeath to my wife, Eliza Zahrt, the rents, income, interest, use and occupancy of all my real and personal estate that I may die seized and possessed of, or to which I may be entitled at the time of my decease, upon the express condition, however, that she, my said wife, shall insure the buildings and personal property belonging to my said estate, and keep the same insured, and pay all taxes, water-taxes, and assessments that from time to time shall become a lien on my said estate, and keep said estate in good repair, to have and to hold the same to her, my said wife, for and during the term of her natural life ; after the decease of her, my said wife, I give, devise and bequeath all my said real and personal estate to my children, to-wit : John Zahrt, Annie Zahrt, Frank Zahrt, Dora Zahrt, and to such child or children as shall hereafter be born to me by my said wife, share and share alike, to have and to hold the same to them, my said children, their heirs and assigns forever."

The important question to be determined in this case is whether the provision made for the appellant in the will of her husband was in lieu of dower so as to put her to her election whether she would accept such provision, or claim her dower.

We are of opinion that the provision must be held to have

been in lieu of dower. Where there is no direct expression of intention that the provision contained in a will shall be in lieu of dower, the question always is whether the will contains any provision inconsistent with the assertion of a right to demand a third of the land to be set out by metes and bounds for dower. (1 Roper on Husband and Wife, 582; *Lewis* v. *Smith*, 9 N. Y. 502.) In this case it was clearly the intention of the testator that his wife should take all her interest in the real estate under the will, and upon the terms and conditions mentioned in the will; and, if she could at the same time claim dower in the real estate, it would certainly defeat the intention of the testator. He gives her the use and occupancy of all his real and personal estate upon express conditions, one of which is that she shall insure all the buildings. That was a condition which, if she failed to perform, would enable the children of the testator to claim a forfeiture. If she could have a third of the real estate set off for dower, and it so happened that all the buildings, or any of them were upon that third, those buildings she would not be bound, as widow, to insure, and they would be taken entirely out of the terms and conditions of the will. By another condition, his whole estate was made liable to pay the taxes and assessments from time to time imposed upon the real estate; and that condition would also be defeated as to so much of the real estate as might be set off to her for her dower. It was also made a condition that she should keep the whole estate in good repair, and if she failed to keep that condition, she would forfeit the estate. Thus all these conditions would be defeated as to so much of the estate as should be set off to her for dower. Hence this is a case where the intention of the testator cannot be fully carried out if the widow could claim her dower as well as the provision made by the will in her favor, and the disposition made by the will is so repugnant to the claim of dower that they cannot stand together.

It is undoubtedly true, as decided in the case of *Lewis* v. *Smith* (*supra*), that a simple devise of all the testator's real estate

to his wife during life, would not be inconsistent with her claim of dower, and would not put her to an election. But here there is more; the devise to the widow for life is upon conditions which cannot have full force and effect unless dower is excluded. The terms of the will clearly indicate the purpose of the testator to require his wife to take under the will the entire interest which she was to have in his real estate.

The facts of the case show that the widow did make her election; that is, she entered upon the real estate and possessed it, and enjoyed it, as given to her by the will for more than one year after the decease of her husband. (1 R. S. 742.) The surrogate, therefore, was right in holding that the widow was not entitled to dower in the surplus money as claimed by her.

He was also right in holding that she was not entitled to the gross sum for the value of her life estate in the surplus to be estimated pursuant to rule 71 of the General Rules of Practice. Under that rule, except in the case of dower under sub-division 3 of section 2793 of the Code, a widow is not absolutely entitled to a gross sum in lieu of her annuity. The rule simply provides how the gross sum shall be estimated; and whether she shall have it, except in the case of dower, rests in the sound discretion of the court in view of all the circumstances. In many cases, to give an annuitant under a will a gross sum, would defeat the intention of the testator, as it would in this case, and in such cases it should be refused. Hence it was properly refused here.

The judgment of the General Term should be affirmed with costs against the appellant.

All concur.

Judgment affirmed.