DAVID CROMWELL, Treasurer, etc., Respondent, *v.* JOHN HENRY HULL et al., OTTO O. GOLDSCHMITT, Purchaser, etc., Appellant.

Although a tenant for life may not maintain partition because not a joint tenant or tenant in common with the remaindermen, yet the defect is not jurisdictional, and a decree of sale in such an action is not absolutely void, it may only be corrected on appeal ; and, as against those made parties to the action, a sale under the decree gives a good title.

In such an action certain persons claiming contingent remainders were not made parties. The purchaser gave a mortgage upon the premises, which was foreclosed. The judgment of sale was in the ordinary form, no reference being made to these outstanding interests, but notice thereof was given on the sale, and the same was made subject thereto. *Held*, that

an order compelling the purchaser to complete his purchase was proper; that an amendment of the judgment was not necessary, as it furnished adequate authority for the sale of the property covered by the mortgage; and that no wrong was done the purchaser in compelling him to pay for exactly what he bought.

(Argued October 21, 1884; decided October 31, 1884.)

APPEAL by Otto O. Goldschmitt, purchaser, from order of the General Term of the Supreme Court, in the second judicial department, made December 11, 1883, which affirmed certain orders of the Special Term requiring the said purchaser to complete his purchase on sale under the judgment herein.

This was an action to foreclose a mortgage executed by defendant Hull.

One Lynt died in 1855 seized of the premises in question, leaving a will by which he devised said premises to his widow so long as she should remain unmarried, and upon her death or remarriage he devised the same to his five children, and in case of the previous death of any of them, to their issue. The widow brought partition, making the surviving children and the issue of one deceased child of the testator parties; the issue of the living children were not made parties. A decree was granted in said action directing a sale, and upon the sale Hull became the purchaser, received a deed and executed the mortgage in suit. The judgment of foreclosure was in the usual form, no provision being made for a sale subject to the rights of the children of the testator's living children, or reference thereto. The sale, however, was with notice of and subject to these outstanding rights.

Further facts appear in the opinion.

*John A. Mapes* for appellant. The court will relieve a purchaser of lands at a judicial sale, if the title is a doubtful or unmarketable one, and this even although it be probable that he will never be disturbed in his possession. (*Lee* v. *Lee*, 27 Hun, 1; *Jordan* v. *Poillon*, 77 N. Y. 518; *Argall* v. *Raynor*, 20 Hun, 271; *In re Jolan*, 88 N. Y. 318.) At the time of bringing the action for the partition and sale of the lands in

question, the plaintiff therein, Ann Maria Lynt, had no such interest in the lands as would entitle her to bring such action. (R. S. [5th ed.], chap. 5, tit. 3, § 1 ; *Blakely* v. *Calder*, 15 N. Y. 626; *Harris* v. *Larkin*, 22 Hun, 488; *Woods* v. *Clute*, 1 Sandf. Ch. 199; *Coles* v. *Coles*, 15 Johns. 319; *Florence* v. *Hopkins*, 46 N. Y. 182; *Sullivan* v. *Sullivan*, 66 id. 42.) None of the defendants in the partition suit could sustain it, for not one of them had any present interest in the property. (*Sullivan* v. *Sullivan*, 66 N. Y. 37.)

*Wilson Brown, Jr.*, for respondent. The interest of the infants was paramount to the mortgage, and could not be sold under it, and was the cause of the former sale having been set aside ; the referee could only sell subject to it. He could sell no more under foreclosure than the mortgage covered, and had a perfect right to sell subject to such interest, and to notify the purchasers what he sold. (5 Daly, 55 ; *Rockefeller* v. *Fryer*, 63 N. Y. 276, 277; *Coates* v. *Fairchild*, 14 Week. Dig. 189 ; *Rogers* v. *James*, 11 id. 574; *Thompson* v. *Mount*, 1 Barb. Ch. 609; *American Ins. Co.* v. *Oakley*, 9 Paige's Ch. 259.) A judgment in a partition action entered twenty years ago is not subject to an attack in this collateral action by even a party, except for forgery. (*Ferguson* v. *Crawford*, 70 N. Y. 254.) It cannot be attacked in this collateral action for want of jurisdiction. (*Brown* v. *Nichols*, 42 N. Y. 26.) The terms of sale on a sale under a judgment in a partition suit can provide for a prior mortgage. (*Fryer* v. *Rockefeller*, 4 Hun, 800 ; 63 N. Y. 276, 277 : *Strong* v. *Hamilton*, 13 Week. Dig. 150.)

*Per Curiam.* If the plaintiff in the partition suit was not authorized to maintain the action because not a joint tenant or tenant in common with the remaindermen, still the defect was not jurisdictional, and the decree, if erroneous, not absolutely void. The court had jurisdiction of the subject-matter of the action and of the parties, and if it determined incorrectly in awarding to the plaintiff a relief to which she was not entitled,

the error should have been corrected on appeal. (*Blakeley* v. *Calder*, 15 N. Y. 617 ; *Howell* v. *Mills*, 56 id. 226 ; *Sullivan* v. *Sullivan*, 66 id. 40.)

The purchaser bought with notice that the rights of the children not made parties to the partition were outstanding, and subject to those rights, paying a less amount because buying a less estate than the whole. What could pass by the foreclosure sale was what purported to be sold and must have been so understood by the purchaser. No wrong is done in requiring him to pay for exactly what he bought. An amendment of the decree was unnecessary. It furnished, as it stood, adequate authority for the sale of the property covered by the mortgage, and as that did not cover what the mortgagor did not have, the sale, as made, was consistent with the decree.

Before the partition suit, it is said, the widow gave to the New York and Boston Railroad Company a right to enter upon the land and maintain its road. That was dated July 19, 1871, but not recorded until 1882. It does not appear that the partition suit was actually later than the lease, nor that the purchaser under the decree had any notice of its existence. That purchaser, while furnishing affidavits for the present purchaser, does not say that he had such notice. The successor of the Boston road was made defendant in the foreclosure suit, and holds a deed from Hull, who was also such defendant. Some other objections need not be especially noticed.

The order should be affirmed, with costs.

All concur.

Order affirmed.