LAURA A. PRIOR, BY GUARDIAN, ETC., APPELLANT, *v.* THOMAS EDWARD PRIOR, APPELLANT, AND JACOB V. HALL, RESPONDENT.

*Motion to vacate a sale in partition — when denied on account of the rights of persons purchasing before notice of the motion — the discretion of the County Court is not reviewable in this court.*

Upon the hearing of this appeal from an order of a County Court, denying a motion to set aside a judicial sale of real property made pursuant to a judgment entered in this action, it appeared that the defendant Hall was entitled to an estate for life, while the plaintiff and the other defendant, both of whom were infants, were entitled to the estate in remainder. After the sale the value of this estate for life was paid to the defendant Hall, and the residue was paid into court for the benefit of the infants. The sale was made on December 10, 1881, and this motion was made in April, 1886, in behalf of the infant parties, on account of the inadequacy of the price, and upon the further ground that the sale was, under the facts existing in this case, prohibited by section 1533 of the Code of Civil Procedure.

*Held,* that conceding that the sale could not be sustained if attacked in a direct proceeding brought for that purpose, yet as it appeared that, since the sale, portions of the premises had been sold to purchasers in good faith who had paid taxes and made improvements thereon, and that the persons who had made such purchases and payments were not made parties to this motion, an order of the County Court denying the motion should be affirmed.

That it should be affirmed for the further reason that in deciding the motion the County Court was called upon to exercise its discretion, and that a discretionary order of that court cannot be reviewed by this court.

*Reilly* v. *Delaware and Hudson Canal Company* (5 Eastern R., 706) followed.

APPEAL from an order of the Erie County Court denying a motion to set aside a judicial sale of real property, made pursuant to a judgment entered in this action, which was brought for the partition of certain real property.

The defendant Jacob V. Hall was a life tenant of the premises, and the plaintiff and the other defendant had the estate in remainder in the land. The premises were sold. The life tenant was paid from the proceeds the estimated value of his estate, and the residue was paid into court for the other parties, who were infants. This sale was made December 10, 1881. The proceedings for the motion were taken in February, and the motion was heard in April, 1886, in behalf of the infant parties. The motion was denied, and

from that order the infant parties, Laura A. Prior and Thomas E. Prior, appealed.

*Roberts, Alexander & Messer*, for the appellants Laura A. Prior and Thomas E. Prior.

*O. O. Cottle*, for the respondents Jacob V. Hall and Elizabeth A. Hall.

BRADLEY, J.:

The question of adequacy of the purchase-money paid for the property on the sale, was a disputed one of fact. It appears that the sale took place more than four years before the motion was made to set it aside, and that in the meantime the rights of third parties who purchased a portion of the property have intervened.

Ordinarily in such case a sale will not be set aside on the ground of mere inadequacy of the sum produced by the sale. The leading contention on the part of the appellants is, that the direction to sell, and the sale, were ineffectual, because not permitted by any statute, but that, on the contrary, the sale was within the inhibition of the statute, which provides that " where two or more persons hold as joint tenants, or as tenants in common, a vested remainder or reversion, any one or more of them may maintain an action for a partition of the real property to which it attaches according to their respective shares therein, subject to the interest of the person holding the particular estate therein. But in such an action the property cannot be sold, and if it appears in any stage thereof that partition cannot be made without great prejudice to the owners, the complaint must be dismissed." (Code Civil Pro., § 1533.)

The relation of the parties to the land comes within the provisions of this section, and unless the direction to sell and the sale are in some manner relieved from the operation and effect of the statute, there may be some difficulty in sustaining them in a direct proceeding for relief against the sale. The direction to sell and the sale are not void, because the court had jurisdiction of the subject-matter of the action and of the parties to it. (*Cromwell* v. *Hull*, 97 N. Y., 209.)

It is a well-settled proposition that a party having an estate in remainder cannot in such an action compel a present partition and sale of land against the consent of a life tenant. (*Sullivan* v. *Sul-*

*ivan*, 66 N. Y., 37; *Hughes* v. *Hughes*, 63 How., 408.) And the purpose of this statute evidently was to distinctly declare the rule that a sale in such case should not be made, and, therefore, directed that when partition could not be made as between those having an estate in remainder or reversion, the action should proceed no farther. In this case the sale of the entire estate in the land was directed and made, and the life tenant does not object but consents to take the amount ascertained by means of the recognized rules for the computation of the value of such estates, and takes the sum so set apart for him. And if all the parties were then *sui juris* there might be no difficulty in supporting the sale, so far as this question is concerned, because they could, by consent, overcome all objections to the sale and distribution of its proceeds. The infancy of the appellants, however, presents a question which may lead to a different conclusion. (*Scheu* v. *Lehning*, 31 Hun, 183.)

But without further considering this question, or now expressing any opinion upon it, we think the case cannot intelligently be disposed of, upon the proofs before us. Within the long time intervening between the sale and this motion, the affidavits tend to show that portions of the premises have been sold by the purchaser at the sale to persons who have purchased in good faith; that, in like manner, taxes have been paid and improvements made on the lands. The persons who have made such purchases are not parties here. It cannot now be said that they have no equities. At all events, they should have an opportunity to be heard. While the court may, on motion, exercise equitable powers and adjust the equities of parties, and may direct that the necessary parties be brought in for that purpose, this is not a proper case to be disposed of on affidavits, as it is evident the facts would not be undisputed. The suggestion of the court below, in that respect, is approved.

But there is another difficulty in the way of considering here the decision of the motion by the County Court. That court was called upon to exercise its discretion. This court cannot review the discretion of that court. (*Reilly* v. *D. and H. C. Co.*, 5 Eastern Rep., 706.) The order should be affirmed.

SMITH, P. J., BARKER and HAIGHT, JJ., concurred.

Order affirmed, without costs.