Per Curiam
Order affirmed, with ten dollars on the opinions below. The following are the opinions below:

(Special Term, Filed May 5, 1887.)

Motion by purchaser, at a sale of land in the partition, to be relieved of his purchase, etc., on the ground of defects in the title.
O’Gorman, J.
The main objection to the title is that the land was sold for non-payment of taxes and a lease delivered to the purchaser, which lease is still outstanding.
In answer to this objection the plaintiff contends that the sale of land for unpaid taxes was irregular and void, and that it was so held by a referee in an action brought by the holder of the tax lease against the defendant in this action.
That action, however, was never continued to judgment, and seems to have been discontinued, and the report of the referee therein is in no wise an adjudication or an estoppel that can be effectual in the action now at bar, and is not evidence in this action..
The rule of law, as to judicial sales, is that the purchaser should have a marketable title, free from all reasonable, doubt.
The purchaser buys on the assumption that there are no undisclosed defects in the title, and he pays and the seller receives a consideration in view of that implied condition. A title, open to reasonable doubt, is not a marketable title.
A court cannot make it so, by passing on objections de *126 pendent on a disputed question of fact or a doubtful question of law in the absence of the parties in whom the outstanding right is vested. Fleming v. Burnham, 100 N. Y., 8, et seq.
A purchaser should not be left, on receiving a deed to the hazard of a contest with other parties, which may seriously affect the value of the property if he desires to sell. Jordan v. Poillon, 77 N. Y., 621.
The existence, in the case at bar, of an outstanding tax lease, is a cloud on the title. The title is open to reasonable doubt and is not a marketable title.
Another objection is, that since the commencement of this action, and before a sale therein by the referee, the title of plaintiff as trustee ceased by the death of the cestui que trust, and all the interest remaining in the plaintiff in the land in question was a naked power to sell. --
I do not so interpret the deed under which plaintiff held in trust.
I am not of opinion that the trust vested in the plaintiff wholly ceased on the death of Cornelius J. Herring.
It still continued, I think, for the purpose of sale of the land and distribution of the proceeds among children. Morse v. Morse, 85 N. Y., 57.
' Besides, even if after the death of Cornelius, the trust in plaintiff had ceased, he yet, as one of the persons entitled to share in the final distribution of the proceeds of the sale of the land had, I think a personal interest in the property and right to possession entitling him to sue as plaintiff in this action.
This defect, however, if it be a defect, may no doubt be cured by amicable arrangement among the parties in interest in this action, if, as I am informed, they desire to render the sale to the present purchaser effective. Cromwell v. Hull, et al., 97 N. Y., 209.
The other objection depends on alleged irregularities which need not now be considered.
The first objection, I think is fatal.
The motion of Abraham Altayer, the purchaser, is granted, with ten dollars costs.

(Special Term, Filed May 16, 1887.)

O'Gorman, J.—Since writing my opinion, filed on May 5, 1887, my attention has been requested to a paper executed by Mr. Levenson, the holder of the tax lease, and filed, and I am requested to consider its effect on the rights of Mr. Gutman, the purchaser, to be relieved from his purchase. I see no reason to alter the conclusion at which I had heretofore arrived.
*127 This paper called an indenture, executed hy the tax lessee, while it may secure the purchaser from molestation of his title by the tax lessee, expressly reserves to the latter the right to sue the Mayor, etc., of New York for return to him of the amount paid for taxes.
Whether he will succeed in this action, and on what ground his success may depend, are equally uncertain.
His recovery, if he does recover, may depend wholly on the irregularity of illegality of the sale, in which case a question might arise whether a further sale of the premises for the unpaid tax would not be proper. What the result would he if the assessment itself were held to have been irregular or illegal, is a question as to which I give no opinion now.
But the paper executed by the holder of the tax lease leaves that lease still an existing cloud on the title against which the purchaser may be called on to protect himself through the ordeal of litigation to which he should not be exposed. A title so endangered is not a marketable title.
1 have not alluded to other objections made on behalf of the purchaser to the' completeness of this paper, executed by Mr. Levenson, as relieving the title of its imperfections.
I adhere to the opinion heretofore expressed by me that Gutman, the purchaser, at a judicial sale, had the right to a marketable title, and that the title offered to him was not such.__