(18 App. Div. 310.)

### PURDY v. PURDY et al.

(Supreme Court, Appellate Division, Second Department. June 15, 1897.)

1. RIGHT TO DOWER—DEVISE OF ANNUITY.
    A devise to the wife of a testator of all his property, real and personal, "for her sole use and benefit as long as she lives, by her keeping the property in repair, and paying" an annuity from the revenue of the real estate, is not inconsistent with a claim of dower by the widow, and does not hinder her taking a gross sum in lieu thereof, upon a judicial sale of the real estate, together with the income of the residue, subject to the charge.

2. PARTITION—ACTION BY WIDOW.
    A widow who is entitled to dower in her husband's real estate, and also tenant for life of the whole thereof, cannot maintain an action for partition against the remainder-men.

Appeal from special term, Westchester county.

Action by Maria A. Purdy against Sanford A. Purdy and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William F. Purdy, for appellants.
C. B. Palmer, for respondent.

BRADLEY, J. Action for dower in and for partition of lands of which Ebenezer S. Purdy died seised. He left his will, which has been admitted to probate, whereby he gave to his wife (the plaintiff) all his property, real and personal, "for her sole use and benefit as long as she lives, by her keeping the property in repair, and paying to my brother, Sanford Purdy, four dollars each month in his hand, to be derived from the revenue of the two houses; such payment to commence two years after my decease." He devised the estate in remainder in the two houses and lots to persons named in the will, and gave all the residue of his property to his wife. He left no personal property of value, and no real estate except the two houses and lots which are the subject of this action. Although it is very likely that the testator, if he had any intention on the subject, intended the gift and devise of the life estate in his entire property to his wife, subject only to the monthly charge of four dollars for his brother, to be in lieu of dower, there is no express provision to that effect in the will. Nor will such intent be implied unless the claim for dower is clearly and necessarily repugnant to and inconsistent with the provisions of the will. Konvalinka v. Schlegel, 104 N. Y. 125, 9 N. E. 868. Such, however, would, to the common understanding, apparently seem to be the intent and the consequence of a gift and devise by a testator to his wife for life of all his property. But the court has held otherwise in Lewis v. Smith, 9 N. Y. 502. And when the question was raised in Re Zahrt, 94 N. Y. 605, it was said by Judge Earl, in delivering the opinion of the court, that "it is undoubtedly true, as decided in the case of Lewis v. Smith, that a simple devise of all the testator's real estate to his wife during life would not be inconsistent with her claim of dower, and would not put her to an election." The reason for the conclusion that the intent of the testator in the Zahrt Case was implied that the provisions made by the will for the wife were in lieu of dower was the condition that she should keep the property insured, which condition would not be applicable to property set off to her for dower. And therefore, as the allowance of the claim of dower might defeat some of the provisions of the will, there was an implication of intent which put the widow to her election. In the present case no such repugnancy can arise. The condition that the widow keep the property in repair is a burden incident to the life estate, including that of dower, and would follow without any testamentary direction. And upon the theory that the right of dower, being in the wife, was not included in the devise made by the testator of all his property to her, there is no apparent impropriety in permitting the widow, upon the sale of the property pursuant to the decree, to take a sum in gross for her dower, and the income of the residue subject to the charge, and less than the amount thereof, on behalf of the brother of the testator before mentioned. The widow, as such, could not, nor could she as tenant for life, maintain an action for partition. The statute provides that "where two or more persons hold and are in possession of real property, as joint tenants or as tenants in common, in which

either of them has an estate of inheritance, or for life, or for years, any one or more of them may maintain an action for partition." Code Civ. Proc. § 1532. This does not require an actual pedis possessio, but a present right to the possession as distinguished from a vested remainder or reversion. The plaintiff having the life estate had no joint tenant or tenant in common in possession, within the meaning of the statute. Cromwell v. Hull, 97 N. Y. 209; Weston v. Stoddard, 137 N. Y. 119, 33 N. E. 62; Reed v. Reed, 46 Hun, 212; Id., 107 N. Y. 545, 14 N. E. 442. In Tilton v. Vail, 53 Hun, 324, 6 N. Y. Supp. 146, reference is made to the case of Reed v. Reed, and is distinguished from it in that the latter was an action brought by the tenant by the curtesy against the tenants in remainder, while the action in the Tilton Case was for partition by a tenant by the curtesy who had tenants in common for defendants with whom he could unite those having estates in remainder or reversion. Code Civ. Proc. § 1538. In the case of Ackley v. Dygert, 33 Barb. 176, cited in support of the proposition that the plaintiff can maintain partition, the widow had a life interest in an undivided half only of the premises. She therefore necessarily had a tenant in common. But it is not necessary that the action could be treated as one in partition to enable the plaintiff to take a gross sum in satisfaction of her life estate in the remaining proceeds of the sale of the premises after deducting the amount to which she is entitled for her dower; and, if she does so take such gross sum, the residue of the fund is to be distributed as in an action of partition under like circumstances. Code Civ. Proc. § 1625. The testator's brother, Sanford, is first entitled to his monthly legacy of four dollars from the income of such remaining proceeds of the sale following the satisfaction of dower, including sufficient to cover any arrearage which he may not have relinquished, and to which he may be entitled.

As to the matter of repairs or waste which it is claimed is chargeable to the plaintiff, it does not appear that the attention of the court was specifically called to that question, and the evidence on the subject is too vague to require any direction on this review.

The judgment should be affirmed, with costs, payable out of the proceeds of the sale directed by the judgment. All concur.