CATHARINE A. HARRISON, Respondent, *v.* ELIZABETH HIGGINS et al., Defendants.

PHILIP STARK, Appellant.

Incompetent persons — petition by committee of an incompetent to sell dower rights of incompetent to avoid action of partition — when order of sale not irregular although petition fails to state all the particulars of value of the real and personal property and income of incompetent — partition — although judgment not binding on mortgagee not party to action, defect may be cured by stipulation and payment of costs in action of foreclosure.

1. A petition for leave to sell the undivided interest of an incompetent person in land to avoid an action of partition on the part of co-tenants, or for the dower of a widow therein, is not defective because of failure to state the particulars and value of the real and personal property, and the amount of the income of the incompetent person, the disposition made of her personal property and an account of the debts or demands, if any, existing against her estate. (Code Civ. Pro. § 2350.)

2. When enough is shown in.the petition to answer the statutory requirements, the adequacy or inadequacy of the reasons for the sale must be determined by the court that hears the application.

3. A mortgagee, having a lien upon the entire property, is not bound by a judgment of partition, to which he was not a party (Code Civ. Pro. § 1539); and even though his mortgage is past due, cannot, unless a party, be compelled without his consent to transfer his lien from the land to the fund, and to relinquish the costs of his pending action. These defects in title under the sale may, however, be cured if the costs are paid and the mortgagee stipulates to be bound by the judgment.

*Harrison* v. *Higgins,* 173 App. Div. ——, reversed.

(Submitted May 26, 1916; decided July.11, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 5, 1916, which affirmed an order of Special Term requiring a bidder at a partition sale to complete his purchase.

The facts, so far as material. are stated in the opinion.

*Nathan Friedman* for appellant. The petition of Frederick S. Lyke for the sale of the dower of Bertha Fahr, an incompetent, is defective, because it fails to set forth the particulars required by section 2350 of the Code of Civil Procedure and, therefore, the proceedings had thereunder are void. (Code Civ. Pro. §§ 2348, 2350.)

*Joseph A. Kennedy* for respondent. The proceeding of Frederick S. Lyke, as committee of Bertha Fahr, an incompetent, for the sale of her dower was conducted in pursuance to the provisions of the Code of Civil Procedure. (Code Civ. Pro. § 2348, subd. 2; § 2350.)

CARDOZO, J. The appellant was a bidder at a sale in partition. He insists that the title is invalid. Two of his objections deserve consideration.

(1) A.predecessor in title, Charles Fahr, died in 1905, leaving a wife adjudged to be insane. He owned two lots

of land, the lot sold under this judgment of partition and another. Subject to the dower right of the incompetent, the former parcel came into the ownership of one C. Augusta Cassidy, and the latter into the ownership of Eva D. Van Syckel. The committee for the incompetent submitted to the court a petition for leave to sell the dower right in both parcels; the petition was granted, the payment made, and the dower right released. The objection now is that the petition is defective because it fails to state the particulars and value of the real and personal property, and the amount of the income of the incompetent person; the disposition made of her personal property, and an account of the debts or demands, if any, existing against her estate (Code Civ. Pro. § 2350). Those particulars are not required, however, where "the application is made for the sale of an undivided interest of the infant or incompetent person in one or more parcels of land in order to avoid an action of partition on the part of his cotenants, or for the dower of a widow therein" (Code Civ. Pro. § 2350). The committee's application falls within those exceptions. His petition alleged, and the referee found, that Mrs. Van Syckel was "threatening a partition of the premises and the setting aside of the widow's right of dower therein."

The argument is that whatever the threat of partition may have been, the state of the title was such that partition would not lie. It would not lie, we are told, between Mrs. Van Syckel and Mrs. Cassidy, because their lots were held in severalty, and it would not lie between Mrs. Van Syckel and the incompetent, because a widow whose right of dower is unassigned, is not a tenant in common with the owners of the land, and may not, therefore, be made a sole defendant in an action of partition (Code Civ. Pro. § 1538; *Wood* v. *Clute*, 1 Sandf. Ch. 199; *Purdy* v. *Purdy*, 18 App. Div. 310; *Mut. L. I. Co.* v. *Shipman*, 119 N. Y. 324, 330). But those were questions to be considered in the proceeding for leave to sell. Where

partition is brought by one not a tenant in common, the defect is not jurisdictional, and a decree of sale is not void. It was so held in *Cromwell* v. *Hull* (97 N. Y. 209), where a tenant for life brought partition against remaindermen. The threat of partition, therefore, was not wholly idle. There was at least jurisdiction to make the threatened decree; and even if defenses were available, they involved the expense and chances of a lawsuit. The court that ordered the sale may have exaggerated the menace; but if there was error, it was not one of jurisdiction. The purpose of the sale was to avoid an action of partition, and this is true though the action might have been successfully resisted. Enough was shown in the petition to answer the statutory requirements; and when that is done, the adequacy or inadequacy of the reasons for the sale must be determined by the court that hears the application. Whether it passed upon the question wisely or unwisely, its order is not void.

There is, however, another answer to the purchaser's objection. Even if the threat of partition had not been made, there remained the danger of an action to set aside or admeasure dower. The exception established by section 2350 of the Code extends to a case where the sale of the incompetent's interest will avoid an action for the dower of a widow. When the order of sale was made, the incompetent's dower had not yet been assigned, and it could not be admeasured and laid off as a distinct parcel because of the nature of the property. If she failed to bring an action for dower within four months after her husband's death, the owners of the land could maintain an action against her to compel the determination of her claim, and, if the claim was upheld, to cause the dower to be admeasured (Code Civ. Pro. §§ 1647, 1648). Such an action was in prospect. We think that a sale to avoid it is authorized by the statute (Code Civ. Pro. § 2350).

(2) A second objection is that the land is subject to a mortgage of $10,000, and to a pending action of fore-

closure.   After the dower right of the incompetent was extinguished, there was a sale to tenants in common, who brought this action of partition.   A mortgage for $10,000 covered the entire property, but the mortgagee was not a party (Code Civ. Pro. § 1539).   It is stipulated, however, that the mortgage is past due.   The final judgment directs the referee to pay the principal of the mortgage and interest out of the proceeds of the sale; and the proceeds ($15,450) will be ample to permit the payment to be made.   No provision is made, however, for the payment of the costs of the action of foreclosure.   The mortgagee is not bound by the judgment of partition, to which he was not a party (Code Civ. Pro. § 1539); and even though his mortgage is past due, cannot, unless a party, be compelled without his consent to transfer his lien from the land to the fund, and to relinquish the costs of his pending action.   The procedure is different where the lien is not on the entire property, but on an undivided share (Code Civ. Pro. §§ 1540, 1561).   These defects, however, are not incapable of correction.   They will be cured if the costs are paid, and the mortgagee stipulates to be bound by the judgment.   Possibly they would have been cured before if the purchaser had not laid the stress of his argument upon another and untenable objection. The case should go back to the Supreme Court in order that the opportunity for correction may be supplied.   If the title is made good, the court that rehears the application will have the power, in the exercise of its discretion, and either upon terms or otherwise, to require the purchaser to carry out his bid.

The order should be reversed, with costs to the appellant in the Appellate Division and in this court, and the matter remitted to the Supreme Court for further proceedings in accordance with this opinion.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, CUDDEBACK, HOGAN and POUND, JJ., concur.

Order reversed, etc.