In the Matter of the ESTATE OF Joseph T. VOELLER, Deceased.

Gary HOFFART, Personal Representative of the Estate of Joseph T. Voeller, Petitioner and Appellant,

v.

David VOELLER, Elizabeth Voeller, Marie Voeller Sutich, Robert S. Voeller, and Audrey S. Matteson, Respondents and Appellees.

Civ. No. 950035.

Supreme Court of North Dakota.

June 27, 1995.

Walter M. Lipp (argued), McClusky, for petitioner and appellant. Appearance by Gary Hoffart.

McIntee Law Firm, Towner, for respondents and appellees; argued by Michael S. McIntee. Appearance by Elizabeth Voeller.

MESCHKE, Justice.

Gary Hoffart appealed a decree denying his petition to probate another codicil to the will of Joseph T. Voeller because it had only one witness. We affirm.

Joseph T. Voeller died testate on August 15, 1992. In a valid codicil signed on April 10, 1989, Voeller directed proceeds from a land contract be used for expenses and the contract balance divided among his five children. Voeller's original will, made on January 13, 1988, directed that his estate be divided equally among his five living children, and designated Gary Hoffart, a neighbor, to be personal representative.

On August 30, 1992, Hoffart petitioned to be appointed personal representative and to probate Voeller's will and the 1989 codicil. Hoffart's petition stated, "after the exercise of reasonable diligence, petitioner is unaware of any instrument revoking said will." After a hearing in October 1992, the court appointed Hoffart as personal representative, and admitted Voeller's will and the 1989 codicil for supervised probate.

Nine months later, Hoffart petitioned to probate an earlier codicil, signed on July 8, 1988. The 1988 codicil bequeathed some specific items to particular children, directed that some items be sold, listed debts owed him by several of his children, and named Hoffart and Hoffart's wife "to get equal share in my estate." This 1988 codicil was

signed only by Voeller and one witness, James Miller, a notary public. Hoffart's affidavit affirmed, "At the request of Joe T. Voeller, I typed the codicil to his will," and explained he had been present and "watched both Joe T. Voeller and James J. Miller sign the codicil."

Voeller's children objected to probating the 1988 codicil because they believed it was induced by Hoffart's undue influence, and claimed that it was not validly witnessed. In a later affidavit, Hoffart elaborated on why he had not presented the 1988 codicil to begin probating Voeller's estate:

A. The decedent had appointed me in his Will as Personal Representative and I wanted to carryout that wish of the decedent. I believed that if the family knew my wife and I were to get shares of the estate they would object to my being Personal Representative and because of my background the Court would not accept me.

B. I had personal knowledge that various children of the decedent owed their father money. Since these debts are assets of the estate and under the codicil I and my spouse are to share in all assets, I feared it could become very difficult to acquire the documentation on the debts.

In November 1993, the trial court granted summary judgment to Voeller's children, and denied Hoffart's petition to probate the 1988 codicil because it was not signed by a second witness. Without two witnesses, the court concluded, the 1988 codicil "was not properly executed and witnessed."

Hoffart appealed. We summarily dismissed that appeal because the decision lacked finality. *Matter of Estate of Voeller*, 517 N.W.2d 631 (N.D.1994). After remand, the trial court approved the final accounting in Voeller's estate, again disallowed Voeller's 1988 codicil as "not properly executed," and directed final distribution among Voeller's children. Hoffart appeals again.

Hoffart argues that the 1988 codicil was properly executed because "the decedent substantially complied with Section 30.1–08–02 of the N.D.C.C. and the codicil of July 8, 1988, should be admitted to probate." We disagree.

"The right to make a will disposing of one's property is statutory and unless a testator complies with the prescribed statutory formalities, the will is invalid." *Matter of Estate of Krueger*, 529 N.W.2d 151, 153 (N.D. 1995). Interpretation and application of a statute are questions of law that are fully reviewable on appeal. *Id.* The Uniform Probate Code, adopted and codified in North Dakota at Title 30.1, NDCC, governs how a will or codicil must be executed:

Except as provided for holographic wills, writings within section 30.1–08–13, and wills within section 30.1–08–06, *every will* shall be in writing signed by the testator or in the testator's name by some other person in the testator's presence and by his direction, and *shall be signed by at least two persons,* each of whom witnessed either the signing or the testator's acknowledgment of the signature or of the will.

NDCC 30.1–08–02 (emphasis added). Only one witness, James Miller, signed the 1988 codicil with Voeller. The second claimed witness, Hoffart, did not sign. Even though two persons were present at the signing of the 1988 codicil, the second witness didn't sign the codicil as required by law.

Hoffart recognizes that a specific direction of the statute was not accomplished, but he urges nonetheless: "The codicil should be found by this court as being in substantial compliance with Section 30.1–08–02 of the N.D.C.C. and to be found to be proper[l]y executed." To support this, Hoffart says "he could have signed as a witness after the decedent's death and prior to turning the codicil over to counsel and no one would have ever been wiser." We reject the idea that we should allow less than the minimum requirements to validate a testamentary act.

The text of NDCC 30.1–08–02 unambiguously directs that "every will ... shall be signed by at least two persons" besides the maker. The Editorial Board Comment for NDCC 30.1–08–02 explains the statutory purpose:

The formalities for execution of a witnessed will have been reduced to a mini-

mum. Execution under this section normally would be accomplished by signature of the testator and of two witnesses; .... The intent is to validate wills which meet the minimal formalities of the statute.

The signature of a single witness does not meet the "minimal formalities." We decline to accept "substantial compliance" because it would decrease the "minimum" formalities for a valid testamentary act. We agree with the trial court: "The offered codicil must fail since it was not properly executed and witnessed."[1]

 Hoffart asks for an equitable remedy to aid approval of the 1988 codicil, since the principal purpose of the statute is to establish the intent of the decedent. Hoffart reasons that Voeller indisputably signed the 1988 codicil and intended it to be effective. Hoffart adds that the only "purpose of having witnesses to the will or codicil is to make certain that the testator actually signed the will or codicil." But an equitable remedy cannot avoid the meaning of an unambiguous statute. *See Burr v. Trinity Medical Center,* 492 N.W.2d 904 (N.D.1992). "When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." NDCC 1–02–05. We conclude the 1988 codicil was invalid because it lacked the requisite signature of a second witness.

We affirm the trial court's refusal to probate the invalid 1988 codicil.

VANDE WALLE, C.J., and LEVINE, NEUMANN and SANDSTROM, JJ., concur.

---

**1.** One text explains:

Modern legislation generally prescribes the number of witnesses, which is usually two, but occasionally three.... In order to be valid, a will or testament must be signed by the number of witnesses required by the law which controls the execution of such will; and a will which is subscribed by a less number of competent witnesses is invalid. Such a will is void and not merely voidable.

2 Bowe–Parker: Page on Wills, § 19.75, p. 174 (1960) (footnotes omitted).