1999 ND 130

**Anne TREIBER, Plaintiff and Appellant,**

**v.**

**CITIZENS STATE BANK, Defendant and Appellant,**

**Jack Elmer and Lori Elmer, Defendants and Appellees,**

**Dakota Community Bank (formerly Security Bank of Hebron), Farmers Union Oil Company of Beulah, Ford Motor Credit Company, and Paw & Claw Pet Palace, Defendants.**

No. 980325.

Supreme Court of North Dakota.

July 13, 1999.

SANDSTROM, Justice.

[¶ 1] Anne Treiber and Citizens State Bank appealed from a summary judgment dismissing Treiber's action to partition real property. We affirm, holding partition under N.D.C.C. § 32–16–01 is available only when there are cotenants with current possessory interests in the property.

I

[¶ 2] In 1975, Fred Treiber deeded a tract of land in Morton County to his three children, reserving a life estate to his wife, Anne Treiber. In October 1994, two of the Treiber children deeded their remainder interests to Anne Treiber. Shortly thereafter, the third child deeded her remainder interest to Jack and Lori Elmer. Thus, through the doctrine of merger, Anne Treiber held a fee simple interest in an undivided two-thirds of the property, and a life estate in the remaining one-third. The Elmers held an undivided one-third remainder interest, subject to Anne Treiber's life estate.

[¶ 3] Anne Treiber brought this partition action under N.D.C.C. ch. 32–16 against the Elmers and various mortgage holders and lien holders. The district court granted the Elmers' motion for summary judgment, holding Treiber and the Elmers were not cotenants with rights of possession and therefore partition was unavailable under N.D.C.C. § 32–16–01. Treiber and Citizens State Bank, which held the mortgage on Treiber's interest in the property, filed separate notices of appeal from the judgment dismissing the action.

II

[¶ 4] Although not raised by the parties, there is a potential jurisdictional problem with the Bank's attempted appeal. The right to appeal is a jurisdictional matter we will consider sua sponte. *E.g., McArthur v. North Dakota Workers Compensation Bureau,* 1997 ND 105, ¶ 9, 564 N.W.2d 655.

Robert A. Keogh, Keogh Law Office, Dickinson, for plaintiff and appellant Anne Treiber.

Erik R. Johnson, Solberg, Stewart, Miller & Johnson, Fargo, for defendant and appellant Citizens State Bank.

Timothy A. Priebe, Mackoff, Kellogg, Kirby & Kloster, PC, Dickinson, for defendants and appellees.

[¶ 5] Only a party aggrieved by a judgment or order of the district court may appeal from it to the Supreme Court. *Jensen v. Zuern,* 523 N.W.2d 388, 388–89 (N.D.1994); *Bernhardt v. Rummel,* 319 N.W.2d 159, 160 (N.D.1982); *Graven v. Backus,* 163 N.W.2d 320, 329 (N.D.1968). An aggrieved party is one who has some legal interest that may be enlarged or diminished by the appealed decision. *Bernhardt,* at 160; *State ex rel. Hjelle v. Bakke,* 117 N.W.2d 689, 696 (N.D.1962). The party's interest must be immediately, directly, and adversely affected, and an effect that is contingent or indirect, or that results merely in some possible, remote consequence, is insufficient. *King v. Stark County,* 72 N.D. 717, 719, 10 N.W.2d 877, 878 (1943).

[¶ 6] The Bank was named as a defendant in this action. The Bank did not file any cross-claim, and the only affirmative relief it sought in its answer was, "if Plaintiff's request for partition and sale is granted, then Citizens State Bank's mortgage be paid in full from the proceeds of said sale." The judgment in this case merely dismissed the action against the Bank, and arguably did not immediately, directly, and adversely affect any legal right of the Bank. The Bank still has its mortgage against Treiber's interest in the property, just as it did before the action was brought.

[¶ 7] Under the circumstances of this case, however, we find it unnecessary to determine whether the Bank is an aggrieved party entitled to appeal from the judgment. Because Treiber filed a timely appeal from the judgment, we have jurisdiction over her appeal and may resolve on the merits all issues raised by the parties.

[¶ 8] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. This Court has jurisdiction over Treiber's appeal under N.D. Const. art. VI, § 6, and N.D.C.C. §§ 28–27–01 and 28–27–02. Treiber's appeal was timely under N.D.R.App.P. 4(a).

## III

[¶ 9] Treiber and the Bank assert the district court erred in concluding partition is available under N.D.C.C. § 32–16–01 only if there are two or more cotenants with a current possessory interest in the property. Treiber brought the action under N.D.C.C. ch. 32–16. Section 32–16–01 delineates when partition is available:

*When may be brought.* When several cotenants hold and are in possession of real or personal property as partners, joint tenants, or tenants in common, in which one or more of them have an estate or inheritance, or for life or lives, or for years, an action may be brought by one or more of such persons for a partition thereof according to the respective rights of the persons interested therein. . . .

### A

[¶ 10] Section 32–16–01 dates from territorial days, and was adopted from the New York and California partition statutes. *See* N.D.C.C. § 32–16–01 (source note). Those statutes adopted the traditional common law rule allowing partition only if there are two or more cotenants with current possessory interests. *See* 1 American Law of Property § 4.92 (1952); 59A Am.Jur.2d *Partition* § 26 (1987). As explained in Annotation, *Possessory requirements for cotenant's suit for partition,* 171 A.L.R. 932, 936, 938 (1947) (footnotes omitted):

While the writ of partition could issue only in favor of a parcener under the common law of England, the remedy was extended under the statutes of 31 & 32 Hen VIII to joint tenants and tenants in common of estates of inheritance, of freehold, and for years; and the common law, as thus modified by statute, became a part of our common law and was recognized by colonial statutes. A distinctive feature of a cotenancy, however, is a unity of possession or seisin of

the realty, the right of possession being an essential element of all cotenancies.

The factor of possession, or right thereto, necessary to the existence of a cotenancy, in turn became one of the prerequisites to compulsory partition, the rule being established and recognized at common law and in equity practice, as well as under statutes not inconsistent therewith, that in order to maintain an action for partition, the petitioner must have either actual or constructive possession of the land which is the subject matter of the suit.

. . . .

In several jurisdictions the question under discussion arose under statutes, such as the one in New York, providing for partition "where two or more persons hold and are in possession of real property, as joint tenants or as tenants in common." Such a statute being in accord with the common-law rule and equity practice, it was also held that to maintain partition thereunder it was necessary that the plaintiff be in actual or constructive possession of the premises involved.

[¶ 11] Although this Court has never directly addressed whether current possessory interests are required under N.D.C.C. § 32–16–01, the Court has noted the common law required actual or constructive possession, and has suggested possession would be required under our statute. *See Schnell v. Schnell*, 346 N.W.2d 713, 715 (N.D.1984) ("Current statutory law provides that a partition is a matter of right when several cotenants are in possession of real property"); *Coyle v. Due*, 28 N.D. 400, 406–07, 149 N.W. 122, 124 (1914) (recognizing under common law actual or constructive possession of the premises is required).

[¶ 12] Prior to the adoption of our partition statute by the territorial legislature in 1877, the New York statute had been interpreted to require possessory interests. *See* Annotation, *supra*, 171 A.L.R. at 938, and cases collected therein. California has

similarly construed its partition statute. *See, e.g., Jameson v. Hayward*, 106 Cal. 682, 39 P. 1078, 1079 (Cal.1895); *Geary v. De Espinosa*, 51 Cal.App. 52, 196 P. 90, 91–92 (Cal.Dist.Ct.App.1921); 48 Cal. Jur. *Partition* § 36 (1979). As the court reasoned in *Mills v. Stump*, 20 Cal.App. 84, 128 P. 349, 351 (Cal.Dist.Ct.App.1912):

> The object of partition is to enable the cotenants to enjoy the possession in severalty, and not to be compelled to submit to joint possession. . . . Hence, where possession cannot be effected as a result of the partition, there is no necessity for making it.

[¶ 13] The court considered a factually similar case in *Purdy v. Purdy*, 18 A.D. 310, 46 N.Y.S. 215 (App.Div.1897), in which a husband's will granted a life estate in certain land to his wife. The court held she could not maintain an action for partition under the New York statutory provision:

> The statute provides that "where two or more persons hold and are in possession of real property, as joint tenants or as tenants in common, in which either of them has an estate of inheritance, or for life, or for years, any one or more of them may maintain an action for partition." Code Civ. Proc. § 1532. This does not require an actual pedis possessio, but a present right to the possession as distinguished from a vested remainder or reversion. The plaintiff having the life estate had no joint tenant or tenant in common in possession, within the meaning of the statute.

*Purdy*, at 216–17.

[¶ 14] When our statute is derived from and substantially identical to a statute from another state, the judicial decisions interpreting the foreign statute are highly persuasive. *Estate of Zins v. Zins*, 420 N.W.2d 729, 731 (N.D.1988); *Loken v. Magrum*, 380 N.W.2d 336, 339 (N.D.1986); *see* 2A Norman J. Singer, Sutherland Statutory Construction § 52.02 (5th ed.1992). More significantly, when a statute is

adopted from another state without change, it is taken with the construction placed upon it by the courts of that state, and it is presumed the legislature intended that construction. *See, e.g., State v. Dilger,* 322 N.W.2d 461, 464 (N.D.1982); *Bartels v. City of Williston,* 276 N.W.2d 113, 118 (N.D.1979); *see* 2A Sutherland Statutory Construction, *supra,* at § 52.02. We, therefore, presume the legislature intended to adopt the New York and California interpretations of the statute, requiring two or more cotenants with current possessory interests.

### B

[¶ 15] Interpreting N.D.C.C. § 32–16–01 to require two or more cotenants with possessory interests is consistent with the unambiguous language of the statute. Section 32–16–01 specifically provides partition is available only if there are "several cotenants" who "hold and are in possession of" property. By its express terms, the statute requires there be multiple parties with current possessory interests. In this case, it is undisputed Treiber has the right to current possession of the entire tract of land.

[¶ 16] Treiber and the Bank argue there are public policy reasons to allow partition in this case. We may not, however, disregard the clear, unambiguous language of a statute to impose our own view of public policy:

> While there may be valid policy concerns which support a broad peer review privilege, those are arguments for the legislature, not this court. *See, e.g., Little v. Graff,* 507 N.W.2d 55, 60 (N.D. 1993); *Lembke v. Unke,* 171 N.W.2d 837, 853 (N.D.1969) ("it is for the legislature to determine policy, not for the courts"). The legislature has sifted through the competing policy concerns and adopted a statutory privilege. Our function is not to reevaluate those policy arguments, but to ascertain the legislature's intent from the language of the statute. *E.g., State v. Pippin,* 496 N.W.2d 50, 52 (N.D.

1993). We are not free to disregard the letter of the statute under the pretext of pursuing its spirit. *See* Section 1–02–05, N.D.C.C.; *In re Estate of Voeller,* 534 N.W.2d 24, 26 (N.D.1995).

*Trinity Medical Center, Inc. v. Holum,* 544 N.W.2d 148, 154 (N.D.1996).

[¶ 17] The legislature, not this Court, should weigh the competing policy concerns and decide whether to change the clear statutory language. While many other states, including New York and California, have amended their partition statutes to ease the possession requirement, *see* Cal.Code of Civ. Proc. § 872.210 and N.Y. Real Prop. Acts. § 901, our statute remains virtually unchanged and retains the phrase "in possession." The result urged by Treiber and the Bank would require that we ignore the words "in possession." We interpret statutes to give meaning and effect to every word, phrase, and sentence in a statute. *First State Bank v. Moen Enterprises,* 529 N.W.2d 887, 891 (N.D.1995).

### C

18] The Bank also argues the language in N.D.C.C. § 32–16–01, which allows partition if several cotenants hold and are in possession of property and if one or more of them have an "estate or inheritance," indicates the right to partition is broader than merely those who are in possession, and at the least creates an ambiguity in the statute. The Bank argues an "inheritance" can denote a mere expectancy, and is broad enough to include a remainder interest.

[¶ 19] Our review of the history of N.D.C.C. § 32–16–01 reveals the language "estate or inheritance" is the result of a typographical or clerical error, and does not express the legislature's true intent. From its original enactment in 1877 until 1963, the statute provided partition may be brought when several cotenants hold and are in possession of real property, and one or more of them have an "estate of inheri-

tance." *See* N.D.C.C. § 32–16–01 (1960). In 1963, the statute was amended to allow partition of personal property as well as real property. 1963 N.D. Sess. Laws ch. 250, § 1. In that amendment, the language "estate of inheritance" was apparently inadvertently changed to "estate or inheritance." The original bill does not include overstrikes or underlining denoting an intentional change of that language. *See* S.B. 330 (1963).

[¶ 20] There is a significant difference between "estate of inheritance" and "estate or inheritance." "Estate of inheritance" is a term of art in property law, and denotes a fee interest:

> *Estate of inheritance.* An estate which may descend to heirs. A species of freehold estate in lands, otherwise called a "fee," where the tenant is not only entitled to enjoy the land for his own life, but where, after his death, it is passed by the law upon the persons who successively represent him *in perpetuum*, according to a certain established order of descent.

Black's Law Dictionary 549 (6th ed.1990) (citation omitted).

▋ [¶ 21] Under North Dakota property law, there are four types of estates: estates of inheritance, for life, for years, or at will. N.D.C.C. § 47–04–02. Section 47–04–04, N.D.C.C., provides:

> Every estate of inheritance is a fee, and every such estate, when not defeasible or conditional, is a fee simple or an absolute fee.

Clearly, a remainder interest is not an "estate of inheritance."

[¶ 22] Section 1–02–06, N.D.C.C., provides:

> Clerical and typographical errors shall be disregarded when the meaning of the legislative assembly is clear.

In this case, the legislature clearly did not intend to change the word "of" to "or." The text of the bill contains no underscoring or overstrikes to demonstrate an intentional change of language. Obviously, the change is the result of a clerical or typographical error in the bill drafting process. Accordingly, we follow the directive of N.D.C.C. § 1–02–06 and disregard the error. We, therefore, interpret the statute to require an "estate of inheritance," rather than an "estate or inheritance." *See Garr, Scott & Co. v. Spalding,* 2 N.D. 414, 421, 51 N.W. 867, 869 (1892) (where word "for" in place of "after" in a statute was a clerical or typographical error, court would read it as "after").

### D

▋ [¶ 23] Treiber and the Bank assert the language "in possession" can be interpreted to require the cotenants be "in possession" of an *interest* in the land, rather than the land itself. They assert the Elmers are "in possession" of their one-third remainder interest, thereby satisfying the statute. They cite no caselaw interpreting similar statutes or other authority to support this novel argument. This interpretation conflicts with the common law underpinnings and derivation of our statute, which require actual or constructive possession of the land itself. *See, e.g., Coyle v. Due,* 28 N.D. 400, 406–07, 149 N.W. 122, 124 (1914); *Geary v. De Espinosa,* 51 Cal.App. 52, 196 P. 90, 91–92 (Cal. Dist.Ct.App.1921); *Purdy v. Purdy,* 18 A.D. 310, 46 N.Y.S. 215, 217 (App.Div. 1897); Annotation, *supra,* 171 A.L.R. at 936–41, and cases cited there.

### E

[¶ 24] Treiber urges this Court to follow *Lawrence v. Donovan,* 190 Mont. 150, 619 P.2d 1183 (Mont.1980), which allowed partition by a party who owned an undivided one-half interest in fee and held a life estate in the other half interest. Montana's statute is similar to N.D.C.C. § 32–16–01. *See* Mont.Code Ann. § 70–29–101.

[¶ 25] In *Lawrence,* a husband and wife had held the land as tenants in common since 1941. Upon the husband's death in 1977, the wife received a life estate in his one-half interest in the property, with the

remainder to their three children. Noting a split of authority whether one who holds an undivided interest in part of the land and a life estate in the remaining part is entitled to partition, the court concluded the rationale of the cases allowing partition was more persuasive. *Lawrence,* 619 P.2d at 1184. The court stressed that, because the wife would have had a right to partition her one-half interest before her husband died, it would be inequitable to allow her husband to defeat her right to partition by granting her a life estate in the other half of the property. *Id.* at 1184–85.

[¶ 26] The court focused entirely upon the equities of the factual situation presented, and ignored the language of the partition statute. In concluding the rationale of the cases allowing partition was more persuasive, the court did not address whether those jurisdictions had similar statutes, and did not address the numerous cases from jurisdictions with similar statutes which have held possession by cotenants is required. As we have previously explained, the interpretation urged by Treiber would require us to read the words "in possession" out of the statute or substitute our judgment on policy issues for that of the legislature. While the *Lawrence* decision raises legitimate policy questions, those are matters for the legislature, not this Court. *See, e.g., Trinity Medical Center, Inc. v. Holum,* 544 N.W.2d 148, 154 (N.D.1996).

[¶ 27] Furthermore, the factual situation deemed so important to the result in *Lawrence* is absent here. The crucial factor stressed by the court in *Lawrence* was the wife owned an undivided one-half interest in the property for a lengthy period of time and could have sought partition at any time prior to her husband's death. The court concluded it would be inequitable to allow her husband, as cotenant, to defeat her right to partition by devising to her a life estate in the remaining half of the property. In this case, Treiber never held an undivided interest with her husband that she could have partitioned. Her husband held the entire property until 1975, when he deeded a life estate to Treiber with the remainder to their three children. Only when two of the children deeded their remainder interests back to Treiber did she become owner of an undivided interest in the property.

[¶ 28] For the foregoing reasons, we decline to follow *Lawrence.*

## IV

[¶ 29] The summary judgment dismissing Treiber's partition action is affirmed.

[¶ 30] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, JJ., concur.