HENRY W. TAYLOR *vs.* ELIZA A. BLAKE & others.

The owner of an undivided share in land may bring a petition for partition, under the Gen. Sts. *c.* 136, although persons not ascertained and whose parents are not ascertained are entitled to a contingent remainder in other shares.

It is no objection to a petition for partition, under the Gen. Sts. *c.* 136, of land which the parties hold under a will, that they are entitled under the same will to a remainder in other land.

It s no objection to a petition for partition, under the Gen. Sts. *c.* 136, that the petitioner's share is subject to an overdue mortgage.

PETITION to this court for partition of land in Boston, against Eliza Ann Blake and Edward Blake, her husband, John P. Putnam, trustee, William L. Bass, Mary L. Wild and Horatio N. Wild, her husband, Anna Maria Carter, John S. Carter and Wil

liam L. Carter. Edward S. Cutter was appointed guardian *ad litem* of Anna L. Carter, a minor child of William L. Carter, and also " as a suitable and competent person to appear and act as the next friend of persons interested, not in being at the time of the application for partition, to appear and act as the next friend o' such persons in all proceedings touching the partition." Anna Maria Carter, John S. Carter and William L. Carter denied the authority of the court to appoint any guardian or next friend in the cause. At the trial, before *Wells,* J., the following facts appeared :

William Lovering died in 1832, seised of the premises of which partition was sought, and also entitled to another parcel of real estate on Common Street in Boston, subject to the life estate therein of Caroline Worthington, who is still alive. By his will he gave one half of his estate to Joel Carter, in trust to pay the income to Sophia Bass, wife of Horatio Bass, during her life, and on her death to convey the same to her children then living, upon their arriving respectively at the age of twenty-one years, and gave the other half of his estate to the defendant Anna Maria Carter, wife of Joel Carter, for life, and if she should die leaving children at her death, then to such children and their heirs ; but if she died leaving no children then living, then to the children of Sophia Bass, upon their respectively attaining the age of twenty-one years ; but if no child of Sophia Bass should be living at the death of Anna Maria Carter, or if no such child should live to attain the age of twenty-one years, then said half of the estate should go to Joel Carter, to him and his heirs forever.

Sophia Bass died in 1864, leaving the defendants William L. Bass, Mary L. Wild and Eliza Ann Blake, her surviving children, all of them now of age. Joel Carter having afterwards died, the defendant Putnam was appointed trustee in his place, and conveyed an undivided sixth part of the estate to William L. Bass, and a like part to Mary L. Wild, and William L. Bass and Mary L. Wild and her husband conveyed the said two undivided sixths to the petitioner in fee.

Anna Maria Carter is still alive, and the defendants John S. Carter and William L. Carter are her only children, and the heirs

of Joel Carter. They are both more than twenty-one years old. John S. Carter has no children. The said Anna L. Carter is the only child of William L. Carter.

The petitioner gave two mortgages on his share to William L. Bass and Mary L. Wild, neither of which have been paid; one was overdue at the time of filing the petition, and both were overdue at the time of the trial.

The judge reserved the case for the consideration of the full court upon the above facts, and also upon the question of the authority of the court to appoint a guardian and next friend.

*J. D. Ball*, for the plaintiff.

*H. C. Hutchins & H. H. Currier*, for John S. Carter.

*H. G. Parker*, for William L. Carter and Cutter.

COLT, J. The petitioner is owner in fee of two undivided sixth parts of the real estate described in the petition, deriving his title by a devise in the will of William Lovering, by which also one undivided half part of the common estate described is subject to the life interest of Anna Maria Carter, the wife of Joel Carter, deceased, with remainder to her child or children who may be living at the time of her death, and, in default of any such child, to the children of Sophia Bass living at the time of Mrs. Carter's death; and, in default of any such, to Joel Carter and his heirs. Mrs. Carter has two sons living, namely, John S. Carter and William L. Carter, of full age. Mrs. Bass and Joel Carter have died since the testator, the former leaving three children now living, and the latter leaving as his heirs only the two sons of Mrs. Carter above named.

The petitioner is therefore tenant in common with Mrs. Carter and her children, with a contingent remainder, as above stated, to the children of Mrs. Bass and to the heirs of Joel Carter in the one half devised to Mrs. Carter.

In order to bind all persons interested by partition under the statute, it is necessary to set forth in the petition, so far as known to the petitioner, the title of all, " whether they have an estate of inheritance, for life or years, in possession, remainder or reversion, and whether vested or contingent." Notice is thereupon required to be given to all named as interested. Gen. Sts. *c.* 136,

§§ 6, 9, 10. It is further provided, by § 69, that the provisions of the chapter shall apply to cases in which remainders are limited to persons not in being, upon notice to the persons who may be parents of such, and that the court shall appcint some one to act as the next friend of such persons in all proceedings touching the partition.

The notices required have been given in this case, so far as possible, including notices to the children of Mrs. Bass and the living heirs of Joel Carter, and a suitable person has been appointed to appear and act as the next friend of persons not in being.

It is now objected that, as the case discloses a contingent remainder to Joel Carter and his heirs, the petitioner is not entitled to have his part set off to him in severalty, because at common law it could not be done, and under the statute, notice cannot now be served on the parents of those who, upon the death of his living children, may be the heirs of Joel Carter at the time of the death of Mrs. Carter.

To this it is answered, that the remainder devised to Joel Carter, " to him and his heirs forever," is a contingent remainder in fee, in which the existence of the devisee at the time of the death of the life tenant makes no part of the contingency ; that such a remainder is not a mere possibility, though contingent in its nature, but is an interest descendible, transmissible and assignable, and though contingent in possession is vested in right. The present right to this remainder, it is said, vested in Carter in his lifetime, and upon his death was inherited by John S. Carter and William L. Carter, two of the present respondents. If the contingency upon which it depends shall happen after the decease of John S. Carter and William L. Carter, the title must vest in their heirs, who, as claiming under parties to the proceeding, will be bound by the partition. *Winslow* v. *Goodwin,* 7 Met. 363, 377. *Dunn* v. *Sargent,* 101 Mass. 336.

It is not necessary now to determine what weight these last suggestions may have in favor of the conclusive effect of the partition upon all who are now or may become interested in the estate. The question to be decided here is, whether the petitioner has a right to the partition which he seeks, not what will be the effect of it or who will be bound by it when made.

The proceedings are by petition, and not according to the course of the common law. A writ of partition at common law must name all the tenants who hold in common, the share of each must be alleged, and partition must be made among them all. There can be no partition where any of the tenants are unknown, or the shares of each cannot be stated. These obstacles are intended to be removed by the statute of this Commonwealth, which provides that a tenant in common having an estate in pos session may file his petition and have a severance of his own share of the premises, leaving the residue subject to future partition among the persons entitled to it. The petitioner must state, so far as known to him, the title of all persons interested, who would be bound by the proceedings, and notice must be given to such. If persons interested are absent from the state, or their names are unknown, the court is required to order notice by publication or in such other manner as it considers most proper and effectual. And if at any stage of the case it appears that any person interested, whether named in the petition or not, is out of the state and has not had opportunity to appear, time shall be given for his appearance. If it appears that the petitioner is entitled to partition for the share claimed in his petition, or for any less share, an interlocutory judgment is awarded, and commissioners appointed, upon whose report, if confirmed, judgment is rendered that the partition be " firm and effectual forever ; " and this judgment is declared to be conclusive as to the rights of property and possession of parties and privies and all persons who might by law have appeared and answered. Exception, however, is made in favor of an absent part owner, upon whose application within a limited time, if it appears that the share left for him was less than he was entitled to, or that the part was not equal in value to his share, the court may order a partial revision of the division first made, by which money may be awarded to equalize shares when equality cannot be otherwise secured without inconvenience to the owners. It is also provided that when a person who has not appeared claims the share assigned to any of the supposed owners, he shall be concluded so far as respects the partition and the assignment of shares, in like manner as if he had been a

party, but may bring his action for it against the person to whom it was assigned; and in case of a person not a party, and who has not appeared, and for whom no share is left, the judg- ment is conclusive so far as respects the partition, leaving only a right of action to recover from each a proportionate part of his share.

It is apparent from this summary of the provisions to be found in the Gen. Sts. *c.* 136, that the right to partition does not depend upon the petitioner's knowledge of the title to the residue of the estate, and that the requirement, by § 69, of notice to the parents of persons not in being, to whom remainders may be limited, when such parents cannot be known, is not a condition precedent to the right. " As the statute contemplates a case where the par- ties are unknown, it must extend to a case where the particular interests or rights of the parties are unknown." *Cook* v. *Allen,* 2 Mass. 461, 472. The essential thing is that the petitioner shall have an estate in possession as tenant in common in the land. And the duty of the commissioners will be to set off his share and leave the residue for the other owners. If the fact that a contingent remainder has been created in any share of the estate will prevent a partition, then it will always be in the power of any tenant to prevent it by creating such an interest, a result which could not have been intended. See *Austin* v. *Charlestown Female Seminary,* 8 Met. 196.

As to the further objection that the petition seeks for a division of only part of the estate of which the testator died seised, and which is now owned by these tenants in common, the answer is that the part described is all that can now be divided. The estate on Common Street, of which Mrs. Worthington is in pos- session as sole life tenant, cannot be included, because as to that the parties are tenants in common of a remainder, and cannot come into possession until her death. The rule that one tenant cannot have partition as to part of the common property does not apply where there is an outstanding life estate in one parcel, as in case of dower. The reversion after the life estate and the res idue of the lands are to be regarded as separate tenancies in com- mon. *Peabody* v. *Minot,* 24 Pick. 329.

There is nothing in the fact that there are outstanding mortgages overdue upon the petitioner's share which impairs his rights. He is still in possession, and the mortgagees will be concluded by the judgment, so far as it respects the partition, the lien remaining in full force upon the part assigned. Gen. Sts. *c.* 136, § 43. *Judgment for petitioner.*