# FRANCIS P. McMANUS, PETITIONER.

Suffolk, July, 1902.

*Executory Devise — Power of Alienation — Release.*

By the will of Mary Ann McManus, late of Boston, the property in question in this case was devised to her son, the petitioner, " to him, his heirs and assigns forever, subject however to this condition, namely, that should he, upon attaining the age of thirty-five years, find himself without legal issue, and, which may God forbid, prove to be a man abandoned to evil courses and a spend-thrift, then this devise to become null and void. In the event of him so proving, being at the time moreover without legal issue as aforesaid, I give, bequeath and devise the said real estate to my said beloved brother, Rev. Thomas F. Shannon, to him, his heirs and assigns forever." April 12, 1901, Father Shannon quitclaimed to the petitioner all right, title and interest of whatsoever nature in said estate. The petitioner is not yet thirty-five years of age. The Examiner in reporting on the question of the sufficiency of this release has added to his own opinion in the matter a valuable review of the authorities.

The interest devised to Father Shannon was clearly not a remainder, but an executory devise. Brattle Sq. Church *v.* Grant, 3 Gray, 142. The question then is was the deed from Father Shannon to the petitioner sufficient to release this interest.

In Brattle Square Church *v.* Grant it is said at page 148, " the grant or devise of a fee on condition does not therefore fetter and tie up estates so as to prevent their alienation and thus contravene the policy of the law which aims to secure

free and unembarrassed disposition of real property. It is otherwise with gifts or grants of estates in fee with limitations over upon a condition or event of an uncertain or indeterminate nature. The limitations over being executory and depending on a condition or event which may never happen, passes no vested interest or estate. It is impossible to ascertain in whom the ultimate right to the estate may vest or whether it will ever vest at all, and therefore no conveyance or mode of alienation can pass an absolute title because it is wholly uncertain in whom the estate will vest, on the happening of the event or breach of the condition upon which the ulterior gift is to take effect." And on page 152, " Executory devises in their nature tend to perpetuities because they render the estate inalienable during the period allowed for the contingency to happen, though all mankind should join in the conveyance. They cannot be aliened or barred by any mode of conveyance, whether by fine, recovery or otherwise."

At common law if the executory devisee dies before the event happens, the estate goes to the person who is heir at the time of the event, and not to the person who is heir at the time of the death of the devisee. Goodright v. Searle, 2 Wils. 29. Barnitz v. Casey, 7 Cranch 456, at 470. Whitney v. Whitney, 14 Mass. 88. Under this rule it could not be determined until the happening of the contingency who would take the estate. " The happening of the contingency determines who is to take the estate, and until that time no one has an interest to transmit." DeWolf v. Middleton, 18 R. I. 810.

The language quoted from the opinion in Brattle Square Church v. Grant was obviously written with regard to the general principles of the common law, rather than to the situation under the Massachusetts statutes. It is provided by our statutes that " If a contingent remainder, executory devise or other estate in expectancy is so granted or limited to a person that in case of his death before the happening

of the contingency the estate would descend to his heirs in fee simple, he may before the happening of the contingency sell, assign or devise the land subject to the contingency." Revised Laws, Chap. 134, Sec. 2. Revised Statutes, Chap. 60, Sec. 30.

It may however be said that the executory devise in this case would not descend to the heirs of Father Shannon, and that therefore this statute has no application; but in this State the common law of descent has also been changed. " When a person dies seized of land, tenements or hereditaments, or of any right thereto, or entitled to any interest therein, in fee simple or for the life of another, not having lawfully devised the same, they shall descend subject to his debts, etc." Revised Laws, Chap. 133, Sec. 1. Revised Statutes, Chap. 61, Sec. 1. Under the latter statute contingent interests descend like vested interests. Whitney v. Whitney, 14 Mass. 88. Winslow v. Goodwin, 7 Met. 363. Dalton v. Savage, 9 Met. 28. Welsh v. Woodbury, 144 Mass. 542. This results in bringing such an interest as that in the case at bar within the provisions of R. L. Chapter 134. Winslow v. Goodwin, 7 Met. 363. Taylor v. Blake, 109 Mass. 513. Putnam v. Story, 132 Mass. 205. Cummings v. Stearns, 161 Mass. 506. The apparent confusion existing under some of the decisions on this statute, and Mr. Crocker's vigorous notes thereon, do not touch the particular question involved in this case. Crocker's Notes on Common Forms, 4th ed., p. 30. Crocker's Notes on Rev. Laws, p. 400.

It is clear that in Brattle Square Church v. Grant the Court forgot that the contingent interest could have been released under the statute, and therefore " a single ambiguous or inaccurate expression has sometimes led to a misunderstanding of the law intended to be stated " in that case. Winsor v. Mills, 157 Mass. 362, 365.

Decree 'for petitioner.