Matthias, J.
The record discloses that at the death of James H. Green he and Lenora H. Green were the joint owners in fee simple of the real estate described in the petition, and that Lenora H. Green was the owner of the undivided one-half of said tract on April 11, 1905, when she executed a quitclaim deed to her four sons, Howard M. Green, Dahl C. Green, James S. Green and Frank R. Green, which effected a conveyance to each of them of the undivided one-eighth of said real estate. Subsequently an undivided one-eighth thereof was sold by the sheriff of Crawford county upon execution to satisfy a judgment against said Frank R. Green, and was purchased by the plaintiff. Said sale was confirmed, and deed conveying the land to him was duly executed by the sheriff of Crawford county.
The question presented in this case is whether the plaintiff is entitled to. a general order of partition of said real estate without any restriction or limitation by reason of the provisions of the will of James H. Green, whereby he devised his interest in said tract of land and other real estate *24 to his wife during her natural life and at her death to his four sons during their lifetime, and at the death of the last survivor of them to the legal heirs of his said children.
Under the provisions of Section 12026, General Code, tenants in common, and coparceners, of any estate in lands, tenements, or hereditaments within .the state, may be compelled to make or suffer partition thereof in the manner prescribed. But it is contended that the plaintiff is not a cotenant in that portion of the land disposed of by the will of James H. Green, and further that the,land entailed by James H. Green cannot be a subject of this partition suit. The plaintiff’s interest is one-fourth of the share previously owned by Lenora H. Green, and that was the undivided half of the 160-acre tract involved in this suit. It certainly follows that the plaintiff is the owner not of an undivided one-fourth of a specific half of said land, but the owner of the undivided one-eighth of the entire tract. Therefore, to the extent of his interest, he has the same right to a decree of partition that Lenora H. Green would have, had she retained her title. Her title was in no wise subordinate to or dependent upon that of James H. Green; on the contrary they were equal and came from a common source. It has long been settled that when there is an outstanding estate for life vested in a third person in the' whole premises, of which partition is sought, the reversioners or remaindermen cannot have partition; but that one who owns in fee simple an undivided interest in real estate can maintain an action to compel partition as against his cotenants *25 who have only a life estate in another undivided interest. (Tabler v. Wiseman et al., 2 Ohio St., 208, and Johnson v. Brown et al., 74 Kansas, 346.) Here there is no outstanding estate for life vested in a third person in the whole of the premises of which partition is sought; nor is the plaintiff disabled to prosecute partition by reason of being prevented by some intervening estate from recovering possession in an action at law, unless that has been accomplished by the terms of the will of the co-tenant of his predecessor in title. But it is fundamental that a tenant in common cannot convey or encumber the interest of his cotenant, nor by any act of his divest his interest as cotenant in the entire tract, or defeat, defer or limit his rights as a tenant in common, and any attempt to do so is ineffectual. Freeman on Cotenancy and Partition, Sections 172 and 183, and 7 Ruling Case Law, page 879, and cases cited.
If a tenant in common by creating a contingent remainder or by entailing his estate may affect the right or interest of his cotenant, it would be within the power of any tenant in common, by creating such an interest, to prevent partition and deprive his cotenant of his right thereto conferred by statute, which, of course, cannot be permitted. The difficulty of making partition and the inconvenience resulting to other tenants furnish no sufficient reason for denying it. Taylor v. Blake, 109 Mass., 513, and Scovil et al. v. Kennedy et al., 14 Conn., 349.
It follows that the plaintiff is entitled to a general order of partition, and that the finding of the court *26 of appeals that the plaintiff’s right to such order was affected by the provisions of the will of James H. Green was erroneous. For the reasons stated the judgment of the court of appeals is reversed.

Judgment reversed.

Nichols, C. J., Wanamaker, Newman, Jones, Johnson and Donahue, JJ., concur.