**HEIDEN, Plaintiff-Appellee, v. HOWES, et al., Defendants-Appellants.**

Ohio Appeals, First District, Hamilton County.

No. 6543.  Decided October 22, 1945.

Kunkel & Kunkel, Cincinnati, and Mr. Wm. B. Buether, Cincinnati, for appellee.

Mr. Robert A. Ludcke, Cincinnati, and Mr. Walter M. Locke, for appellants.

## OPINION

By HILDEBRANT, P. J.:

Appeal on questions of law from a decree awarding partition of real estate.

During her lifetime, by virtue of a deed to them jointly, plaintiff and wife each owned an undivided one-half interest in the real estate involved as tenants in common, and, of course, entitled to a judical partition thereof.

On her death testate, the wife provided in Item III of her Will as follows:

"All the real estate of which I may die possessed I give to my husband, Henry Heiden, for life, but with the right to sell the same at any time he may see fit, however if he should sell any of such real estate one-half of the sale price thereof, less expenses of sale, shall be paid to Hermine Howes, Margaret Schneider, Jake Heiden and Frederick Heiden in equal shares."

Taking under the will, plaintiff is now the owner of two estates in the land, being the undivided one-half interest in fee, with title derived by deed, and a life estate with power of sale in the remaining undivided one-half interest subject to a division of one-half the net proceeds of sale with the remaindermen in event of sale, with the title derived from the will. The defendants are the four children of plaintiff and his deceased wife holding the remainder of the undivided one-half interest by virtue of the laws of intestate succession.

The decree in partition, excepted to, reads in part:

"'Thereupon the Court further finds that the plaintiff and the defendants herein named are tenants in common in the estate described in the Petition; and that the plaintiff, Henry Heiden, has a legal right to the undivided four-eighths (4/8) of said estate, the defendants, Hermine Howes, Margaret Schneider, Jake Heiden and Frederick Heiden each has a legal right to the undivided one-eighth (1/8) part thereof, subject to the life estate of the plaintiff herein thereto and if sold subject to the right of the plaintiff to one-half of the proceeds of such sale; and that the plaintiff is entitled to have partition made of said premises as prayed for in his Petition.

"It is therefore ordered, adjudged and decreed that partition of said estate be made and Gordon E. Morgan, Edward C. Lovett and Don Burkholder, three judicious and disinterested freeholders of the vicinity are hereby appointed commissioners to make and set off the same, but it is ordered · that if in the opinion of said commissioners said estate cannot be divided by metes and bounds without injury to the value thereof, that said premises be appraised and of his proceedings said Sheriff shall make due return to this Court."

Appellants claim the right to partition does not exist under the statute and the facts of this case for lack of the requisite unity of possession; that defendants have no present right of possession, due to the intervening life estate to which their moiety is subjected and a decree of partition could award no greater possession to plaintiff than he now has by virtue of owning one moiety with a life estate in the other. They also claim the remedy of partition with power of incidental sale may not be used as a substitute for the power of sale derived under the will.

The Ohio statute §12026 GC provides:

"Tenants in common, and coparceners, of any estate in

lands, tenements, or hereditaments within the state, may be compelled to make or suffer partition thereof in the manner hereinafter prescribed."

The nature and object of statutes providing for partition of real estate are stated in 30 Oh Jur., p. 833, in part, as follows:

"The object of the statutes providing for the partition of real estate is to enable each owner to possess and control his own share of the estate, exclusively, and for that purpose to have the estate divided among the several owners, where that can be done without manifest injury, and thereby avoid the inconvenience that results from a joint or common and united possession, and enable the persons entitled, to know, take possession of, enjoy and improve their respective shares."

That partition is a right much favored with reasons therefor is set forth in 40 Am. Jur., section 4, at page 5. In **Black v Sylvania Producing Co., 105 Oh St., 346**, it is stated in the first paragraph of the syllabus:

"The right of partition, either under the statute or in equity, is remedial in its nature, and should be liberally construed."

In English v Monypeny, 66 C. C. 554, at page 562, in a case where plaintiff owned a moiety in fee and had possession of the other moiety as trustee, which presents a possessory situation similar to the instant case in awarding partition, in the opinion of Judge Shauck the following appears:

"The conclusion that the court had jurisdiction of the persons of these plaintiffs furthers the inquiry as to its 'jurisdiction over the subject of the action,' as it has been called in the argument. The claim is, not that the court of common pleas did not have jurisdiction to apart lands among tenants in common, but that because Monypeny, alone, was entitled to the possession of the lands, he holding one moiety in his individual right and the other as trustee under the will of English, the court did not have before it a proper case for the exercise of that jurisdiction. This is upon the theory that an order in partition does not affect title but possession only. Most of the decisions cited by counsel for plaintiffs upon this point and of their deductions from them are without application to suits in partition since the revision of the statutes in

1880. It has been repeatedly held by this court that all suits in partition are now civil actions, and that I believe to be the uniform holding of the courts of the state. 'The civil action of the code is a substitute for all such judicial proceedings as were previously known either as actions at law or suits in equity. **Chinn v The Trustees, 32 Oh St., 236;"**

In **Morgan v Staley, 11 Ohio 389**, it was held the owner of a life estate in the entire premises who also owned an undivided interest in fee in the remainder could compel partition. In **Tabler v Wiseman, 2 Oh St., 208**, holding that where there is an outstanding life estate vested in a third person on the whole premises sought to be partitioned, the reversioners or remaindermen could not have partition either at law or in equity, states in paragraph 10 of the syllabus: "But where the life estate covers only a part of the premises the case is different, owing to the provisions of the statute. Thus, section 13 expressly authorizes a partition of the whole of a tract, though dower may be assigned therein by the commissioners making partition." The doctrine denying partition at the suit of reversioners or remaindermen where there is an intervening life estate on the whole of the premises is reaffirmed in **Eberle, et al. v Gaier, Jr., et al., 89 Oh St., 118**, and **Embleton, et al. v McMechen, et al. 110 Oh St., 18.**

In Fitts v Craddock, et al., 144 Ala., 437, the facts are identical with the facts in the case at bar. On page 438 of the opinion appears:

"The real estate sought to be sold for partition, prior to the acquisition by complainant of any interest therein, was owned jointly by Berry and Craddock each owning an undivided one-half interest.

"Complainant acquired Berry's interest. Craddock died leaving a will, by which he devised to his wife a life estate in the property and a remainder to a certain named person or persons, who are made parties respondent to the bill. Complainant acquired this life estate. It is shown that the property could not be equitably divided."

The Court in the Fitts case awarded partition and quoted from 4 Pomeroy's Eq. Jur. (5th ed.) Par 1387, wherein it is stated:

"The remedy in equity is not confined to the tenants in possession, but extends to all persons interested, whether presently or in expectancy; and remaindermen, reversioners,

infants, and persons not in esse may be bound by the decree."

In **30 Oh Jur.,** section 9, **page 839,** it is stated: "Obviously the holder of a fee simple title is entitled to partition." Citing **Kecheley v Kecheley, 38 Oh App., 61.**

In **Wyman v Newberry, 31 Oh App., 317,** plaintiff derived title to an undivided half in fee simple by purchase and become owner of a life estate in the other half by virtue of the will of his wife, as in the case at bar, and the court found he was entitled to partition and stated at page 319:

"The plaintiff owned in his own right, at the time he acquired his life estate, one unincumbered undivided half of said property, and he was in the lawful possession thereof, with the right to ask for a partition and have his one-half set off in severalty, or the whole property sold, as provided by the partition laws of this state. There was not then, and is not now, a prior life estate upon the whole of said premises, nor upon the half which he owns in fee, and his election to take under his cotenant wife's will, and the rights which accrued therefrom, were not related to, or connected with, the rights which he previously possessed as the independent owner in fee of the other one-half of said property, and the will did not contain any provision, which, by his election to take thereunder, estopped him from asserting the rights which he possessed as such independent owner. And the mere fact that he owned one-half of said property, and that he acquired the life use of the other half thereof, does not affect or prevent him from asserting those precedent rights which were attached to his interest in the property at the creation of said life estate."

In **Lauer v Green, 99 Oh St., 20,** the first and second paragraphs of the syllabus are:

"1. The provisions of §12026 GC, confer upon every tenant in common having the possession or an immediate right to the possesion of lands, the right to compel partition of the same.

"2. The estate of such tenant in common cannot be affected or his right to compel partition defeated, deferred or limited by the provisions of the will of his cotenant whereby he attempts to entail his estate including the lands owned as a cotenant."

And, at pages 24 and 25 of the opinion, the following appears:

"It has long been settled that when there is an outstanding estate for life vested in a third person in the whole premises of which partition is sought, the reversioners or remaindermen cannot have partition; but that one who owns in fee simple an undivided interest in real estate can maintain an action to compel partition as against his cotenants who have only a life estate in another undivided interest. (**Tabler v Wiseman, et al., 2 Oh St., 208,** and Johnson v Brown, et al., 74 Kansas, 346.) Here there is no outstanding estate for life vested in a third person in the whole of the premises of which partition is sought; nor is the plaintiff disabled to prosecute partition by reason of being prevented by some intervening estate from recovering possession in an action at law, unless that has been accomplished by the terms of the will of the cotenant of his predecessor in title. But it is fundamental that a tenant in common cannot convey or encumber the interest of his cotenant, nor by any act of his divest his interest as cotenant in the entire tract, or defeat, defer or limit his rights as a tenant in common, and any attempt to do so is ineffectual. Freeman on Cotenancy and Partition, Sections 172 and 183, and 7 Ruling Case Law, page 879, and cases cited.

"If a tenant in common by creating a contingent remainder or by entailing his estate may affect the right or interest of his cotenant, it would be within the power of any tenant in common, by creating such an interest, to prevent partition and deprive his cotenant of his right thereto conferred by statute, which, of course, cannot be permitted. The difficulty of making partition and the inconvenience resulting to other tenants furnish no sufficient reason for denying it. Taylor v Blake, 109 Mass. 513, and Scovil, et al., v Kennedy, et al., 14 Conn., 349."

In 40 Am. Jur., p. 94, the following appears:

"The statute or rule allowing partition · between joint tenants and tenants in common has been held applicable where the life.estate is only in an undivided portion of the estate and the petitioners are the tenants in common of the remainder of such portion and of the other portions, the theory being that in such a case there is no intervening estate in the entire property to excude the complainants from the

*immediate right to the use and enjoyment of at least a portion of the estate.*"

See, also: 12 A. L. R. 644; 25 A. L. R. 770; 7 R. C. L. p. 815, et seq; Bachscheider v Bachscheider, et al., 23 N. P. (n. s.) 521; **Jackson v Brown, 17 Abs., 414.**

We find no exception in the law to the right of an owner in fee to compel partition and since plaintiff here owns an undivided one-half interest in fee with the right to immediate possession and to have that part set off in severalty, the fact that he is entitled to the immediate possession for life of the remaining interest will not be a bar to his right of partition, because the decree can operate to put him in exclusive possession of his undivided one-half in fee with the opportunity to use and improve unhampered by joint ownership.

Being entitled to maintain the action, the partition should, of course, be coextensive with plaintiff's greatest title and the provisions of the will of plaintiff's former cotenant given full force and effect.

This case may be distinguished on this point from **Maher v Johnston, 70 Oh App., 351**, where plaintiffs lacked title and the incidental sale in partition would have defeated the terms of the will, whereas, in the instant case those objections are not present.

Finding no error in the record, prejudicial to the appellant, the judgment is affirmed.

HILDEBRANT, P. J., MATTHEWS & ROSS, J. J., concur in syllabus, opinion, & judgment.