Argued and submitted March 24, reversed and
remanded June 2, reconsideration denied July 10,
petition for review allowed September 23, 1980

# STONE-FOX, INC.,
*Appellant,*

*v.*

# VANDEHEY DEVELOPMENT CO., et al,
*Respondents.*

## (No. 39-004, CA 14608)

611 P2d 1195

James N. Westwood, Portland, argued the cause for appellant. With him on the briefs were Richard A. Edwards, and Miller, Anderson, Nash, Yerke & Wiener, Portland.

Thomas A. Huffman, Hillsboro, argued the cause for respondents. With him on the brief were Andrew M. Rich, and Huffman and Zenger, Hillsboro.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

Plaintiff seeks specific performance of an earnest money agreement to purchase a parcel of real property called "Family Acres," located in Washington County. Appealing from a decree for defendants, plaintiff assigns as error the trial court's findings (1) that the evidence was insufficient to find a partnership existed between the owners of the property; (2) that one of the owners was not authorized to bind the other to the sale, and (3) that the earnest money agreement was not a final contract between the parties. Our review is *de novo.*

On August 25, 1978, Vern Vandehey signed on behalf of defendant Vendehey Development Company (VDC) an earnest money agreement for sale of Family Acres to plaintiff, who paid $1,000 as earnest money. At that time, title to Family Acres was held by Vern Vandehey and defendant Leonard as tenants-in-common. Four days later, Vandehey conveyed his undivided interest in Family Acres to VDC, a corporation owned entirely by Vandehey.[1] Leonard did not sign the earnest money agreement nor its addendum, and those documents were not executed in the name of a partnership or joint venture. There was neither a written agreement between VDC and Leonard governing their relationship nor a written authorization by Leonard for Vandehey or VDC to sell the property.

On September 14, 1978, an attorney acting on behalf of Leonard returned the earnest money to plaintiff for the stated reason that at the time the earnest money agreement was signed VDC had no interest in the property.[2] On September 20, 1978, defendants executed an earnest money agreement with a third party for the sale of Family Acres, but the record does

---

[1] At trial Vandehey acknowledged that he and VDC were "in fact one and the same."

[2] Defendants do not now argue that the earnest money agreement is unenforceable for that reason.

not reveal whether the second sale was consummated. This lawsuit was initiated on October 2, 1978.

A partnership is an association of two or more persons to carry on a business for profit as co-owners. ORS 68.110. "Person" includes corporations as well as individuals. ORS 68.020(3). Tenancy-in-common "does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property," ORS 68.120(2), nor does "the sharing of gross returns" have that effect. ORS 68.120(3). A partnership may exist for a single transaction, in which case it is called a joint venture.[3] *Hayes v. Killinger,* 235 Or 465, 470-71, 385 P2d 747 (1963). Partnership law controls joint ventures. *First West. M'tgage v. Hotel Gearhart,* 260 Or 196, 203, 488 P2d 450 (1971). It is well established that a partnership dealing in real property can be demonstrated by parol evidence ( *Terry v. Simmons,* 261 Or 626, 634-638, 496 P2d 11 (1972)), and partnership may be shown from the objective conduct of the alleged partners.

In *Hayes v. Killinger, supra,* 235 Or at 471, the Supreme Court set out the criteria for determining when a partnership exists in the eyes of the law:

"The essential test in determining the existence of a partnership is whether the parties intended to establish such a relation. Given the multiplicity of legal consequences that flow from a partnership, we should not surprise the parties into such a relationship against their will. However, a disinclination to assume the burdens of a partnership does not necessarily preclude the creation of that relationship, since the substance of legal intent rather than the actual intent may be controlling. In the absence of an express agreement codifying the relationship, the status may be inferred from the conduct of the parties in relation to themselves and to third parties. In other words, if they function as a partnership, they must assume the attendant duties and liabilities. [Citations omitted.]

[3] Hence, we do not attempt to characterize two previous transactions of defendants in the business of land subdivision and resale in terms of partnership; that determination would not necessarily be dispositive of the nature of *this* project.

[468]

"In placing the conduct of these parties in the framework of a partnership, no one factor is absolutely determinative; the entire factual setup must be examined as a whole. But when faced with the intricate transactions that arise, this court looks mainly to the right of a party to share in the profits, his liability to share losses, and the right to exert some control over the business. Those are deemed the earmarks of a partnership. [Citation omitted.]"

*See also, Laird v. Johns,* 276 Or 1095, 1097, 557 P2d 670 (1976).

In this case, VDC and Leonard acknowledged that they shared in profits and losses and that each had the right of control in the Family Acres project. They contend nonetheless that these factors alone are not sufficient to establish a partnership, since they also describe incidents of co-tenancy. Like partners, co-tenants share equally in profits and liabilities. ORS 105.820; ORS 105.080. But, whereas co-tenants also hold an undivided interest in real property, ORS 93.180, one co-tenant cannot bind another to a real property transaction without written authorization. *Le Vee v. Le Vee,* 93 Or 370, 382, 181 Pac 351, 183 Pac 773 (1919).

The relationship of VDC and Leonard in the Family Acres project involved more than joint land ownership. They were engaged in a business endeavor, which consisted of acquiring, subdividing and selling a parcel of real property. That project entailed construction of curbs, grading of roads and installation of gas, electricity, sewer and water lines, as well as platting and financing. Each had supervisory power over the operation. The profits and losses were to be shared. In short, despite defendants' "disinclination to assume the burdens of a partnership," *Hayes v. Killinger, supra,* 235 Or at 471, there was "such an amalgam of funds, of property, of skills, of risks, of control or of interest as would create a joint adventure." *Hayes v. Killinger, supra,* 235 Or at 480.

[469]

Once a partnership or joint venture is established, agency need not be proven to show that one partner or venturer was authorized to act for another. ORS 68.210(1). VDC bound the venture by signing the earnest money agreement as seller of the whole undivided interest in Family Acres.

The final question is whether the earnest money agreement was a binding, final agreement. Defendants do not contend that any requisite elements of an earnest money agreement are lacking, thus preventing specific enforcement of the contract. *Cf. Southworth v. Oliver,* 284 Or 361, 380, 587 P2d 994 (1978) (absence of agreement upon terms of security provisions will not prevent specific enforcement of an earnest money agreement otherwise sufficiently definite and certain). Instead they argue that the earnest money agreement was only "an agreement to agree," subject to an oral condition that Leonard assent to the transaction. The parties, however, stated in the contract that the agreement was essentially complete:

> "The buyer and seller will enter into a standard land sales contract as soon as possible after the execution of this agreement. Consumation *[sic]* of this agreement subject to agreement on minor details of contract. *All major items such as price, interest, payments schedule have been covered in this contract."* (Emphasis added.)

In *Hatley v. Stafford,* 284 Or 523, 534, 588 P2d 603 (1978), in discussing the admissibility of parol evidence whenever a party to a contract claims a writing does not include all the terms of an agreement, the Supreme Court said:

> "The court should presume that the writing was intended to be a complete integration, at least when the writing is complete on its face, and should admit evidence of consistent additional terms only if there is substantial evidence that the parties did not intend the writing to embody the entire agreement. Hale, *The Parol Evidence Rule,* 4 Or L Rev 91 (1925)."

Defendants here maintain that their intent was that Leonard had to approve the sale; but his formal assent

was not necessary, as we have seen, to bind the partnership. The "condition" upon which defendants would rely was at most nothing more than a mistaken perception of the legal effect of the earnest money transaction.

We conclude that plaintiff is entitled to a decree of specific performance of the earnest money agreement. This case is remanded to determine if the property has been sold to third parties, thus making specific performance impossible. If that is so, the trial court will retain jurisdiction to ascertain the amount of damages, if any, to which plaintiff would then be entitled. *Wittick v. Miles,* 274 Or 1, 5, 545 P2d 121 (1976).

Reversed and remanded.