No. 80-158

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

VIOLA A. LAWRENCE,

Plaintiff and Respondent,

-vs-

SHARON LEE DONOVAN,

Defendant and Appellant.

---

Appeal from:  District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

For Appellant:

Lloyd J. Skedd and J. Mayo Ashley, Helena, Montana

For Respondent:

Galt and Swanberg, Helena, Montana

---

Submitted on Briefs:  August 13, 1980

Decided: OCT 22 1980

Filed: OCT 22 1980

*Thomas J. Kearney*
—————————————————————
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiff-respondent, Viola A. Lawrence, brought this action seeking partition of real property in the Lewis & Clark County District Court. At a pretrial conference, the parties were asked to brief the issue of whether the plaintiff was legally entitled to a partition. The court then treated the matter as a motion for summary judgment and granted summary judgment to the plaintiff concluding that she was entitled to a partition. Defendants Sharon Lee Donovan and Victoria Rae Rosbarsky appeal.

Respondent Viola Lawrence (formerly Amundson) and her husband Harry Amundson acquired the property in question as tenants in common in 1941, each acquiring an undivided one-half interest. The property consists of 254 acres on Hauser Lake, a house thereon and other improvements.

Harry Amundson died in 1977. His will devised a life estate in the property to his wife and the remainder to their children, appellant Sharon Lee Donovan, appellant Victoria Rae Rosbarsky, and Cleber Amundson, who is not a party to the appeal.

Viola Lawrence now seeks partition of the real estate so that she may hold in fee simple her undivided one-half interest acquired in 1941. She does not seek partition of the other undivided one-half interest held by Harry Amundson at the time of his death in which she acquired a life estate with the remainder to the three children under the terms of Amundson's will.

The appellants contend that Viola Lawrence is not a tenant in common and therefore she lacks standing to bring the action. They further contended that under the circumstances of this case partition would violate public policy.

The appellants assert that partition is inappropriate in the present case, urging that the parties are not cotenants within section 70-29-101, MCA, and that Viola Lawrence is not a tenant in common within section 70-29-104. These two statutes provide:

"70-29-101. Action for partition authorized -- who may bring. When several cotenants hold and are in possession of real property as joint tenants or tenants in common, in which one or more of them have an estate of inheritance or for life or lives or for years, an action may be brought by one or more of such persons for a partition thereof, according to the respective rights of the persons interested therein, and for a sale of such property or a part thereof if it appears that a partition cannot be made without a great prejudice to the owners."

"70-29-104. Who must be parties -- permissible plaintiffs. (1) The following must be parties to an action for partition:

"(a) every person having an undivided share, in possession or otherwise, in the property as tenant in fee, for life, or for years;

"(b) every person entitled to the reversion, remainder, or inheritance of an undivided share, after the determination of a particular estate therein;

"(c) every person who by any contingency contained in a devise or grant or otherwise is or may become entitled to a beneficial interest in an undivided share thereof;

"(d) every person having an inchoate right of dower in an undivided share in the property; and

"(e) every person having a right of dower in the property or any part thereof which has not been admeasured.

"(2) But no person other than a joint tenant or a tenant in common of the property shall be a plaintiff in the action."

We note a split of authority in other jurisdictions on the issue of whether a person holding an undivided one-half interest in part of a tract of real estate and a life estate in the remainder of the tract is legally entitled to partition. The cases denying partition under such circumstances are based upon a lack of unity of possession. Pabst Brewing Co. v. Melms (1900), 105 Wis. 455, 81 N.W. 882. Cases which allow partition under these circumstances recognize that a tenant in common may not deprive his cotenant of the right to a partition by conveying or devising a life estate to his cotenant. Heiden v. Howes (1945), 77 Ohio App. 525, 67 N.E.2d 641. We find the latter rationale more persuasive.

As was stated in Heiden:

"[I]t is fundamental that a tenant in common cannot convey or incumber the interest of his cotenant, nor by any act of his divest his interest as cotenant in the entire tract, or defeat, defer or limit his rights as a tenant in common, and any attempt to do so is ineffectual. (Citing authority.)

"If a tenant in common by creating a contingent remainder or by entailing his estate may affect the right or interest of his cotenant, it would be within the power of any tenant in common, by creating such an interest, to prevent partition and deprive his cotenant of his right thereto conferred by statute, which of course, cannot be permitted. The difficulty of making partition and the inconvenience resulting to other tenants furnish no sufficient reason for denying it. (Citing authority.)

" . . .

"We find no exception in the law to the right of an owner in fee to compel partition and since plaintiff here owns an undivided one-half interest in fee with the right to immediate possession and to have that part set off in severalty, the fact that he is entitled to the immediate possession for life of the remaining interest will not be a bar to his right of partition, because the decree can operate to put him in exclusive possession of his undivided one-half in fee with the opportunity to use and improve unhampered by joint ownership." 67 N.E.2d at 644-645.

Turning next to appellants' argument regarding public policy, we find no equitable grounds to bar a partition in the present case. Appellants' ignore the facts in their brief. It is stated in appellants' brief:

"Here a finding for LAWRENCE ordering partition is in direct contravention of the will of Harry Amundson who bought the land in question, held it for 26 years and at his death left the entire parcel to his wife with the wish that the land be transferred at her death to their children. This is in violation of both public policy and equitable and legal principles.

" . . . The requested partition here is asking a court to value a future life estate and because of the unique characteristics of the land in question this simply cannot be done."

In direct contradiction to these assertions, the property was held by the respondent and Harry Amundson as tenants in common since 1941, and Viola Lawrence does not seek a partition between her life estate and the appellants' remainder in the undivided one-half interest held by Harry Amundson at his death.

- 4 -

Although we have recently stated that a partition "may be denied where it would be against principles of law or equity or against public policy . . .", Lawrence v. Harvey (1980), ____ Mont.____, 607 P.2d 551, 556, 37 St.Rep. 370, 375, such circumstances do not exist in the present case. We hold that a testator's desire that property held by a surviving spouse be devised to their children is not grounds for defeating a right to partition. To the contrary, equitable principles support a finding that a decedent not be allowed to defeat a property right of his survivor by a mere desire that a subsequent disposition occur.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____
Justices

Mr. Justice Daniel J. Shea, deeming himself disqualified, did not participate in this case.

- 5 -