Louis Puccini, Jr., Albuquerque, N.M., for plaintiffs.

Pedro G. Rael, Los Lunas, N.M., for defendant.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came on for telephonic hearing February 5, 1982, on the plaintiffs' Complaint for Injunction and to Enforce Automatic Stay, the plaintiffs being present through their counsel, Louis Puccini, Jr., and the defendant being present through its counsel, Pedro G. Rael.

On or about January 15, 1982, the defendant caused to be sent to plaintiffs' counsel a Notice of Sale of the 50% undivided interest belonging to third parties in an airplane, a Cessna 206, identification number N5030U, to be sold to the highest bidder at public auction which was to take place February 6, 1982. The complaint at issue herein was filed in response thereto.

On September 30, 1981, the plaintiffs filed a petition in bankruptcy under Chapter 11 of Title 11 of the United States Code. In Schedule B-2 of their petition, which lists personal property, the plaintiffs state

In re Gary Logan BENNETT, SS # 525–10–4408, d/b/a Southwest Sales, a sole proprietorship, and Andrea Louise Bennett, SS # 526–60–0776, Debtors.

Gary Logan BENNETT and Andrea Louise Bennett, Plaintiffs,

v.

Morgan AVIATION, Defendant.

Bankruptcy No. 81–01039 M A.
Adv. No. 82–0091 M.

United States Bankruptcy Court,
D. New Mexico.

Feb. 9, 1982.

that they own an undivided one-half interest in a 206 Cessna airplane, the value of which interest is approximately $5,000.00. The plaintiffs list the defendant as a secured creditor in Schedule A–2, stating that the defendant holds a promissory note, the balance of which is $2,193.21 and which is secured by a 206 Cessna airplane valued at $10,000.00.

During the hearing February 5, 1982, the defendant represented to the Court that the purpose of the public auction is to secure funds to satisfy the promissory note which arose as a result of repairs defendant made on the airplane. In defense to the plaintiffs' complaint, the defendant argued that only the non-debtors' interest in the airplane would be sold, thereby having no effect on property of the estate of the debtors and not violating the automatic stay.

In support of their request for enforcement of automatic stay, and in the alternative for an injunction, the plaintiffs assert that the automatic stay will be violated if the defendant sells the non-debtors' one-half interest in the airplane because, although only the plaintiff's one-half interest in the airplane is property of the estate, the plaintiffs have control over the plane and there can be no division of this interest in the estate since the plaintiffs hold the airplane in trust, as it were, for the other co-owners. The plaintiffs pointed out other effects which the sale would have on their one-half interest: the airplane would be more difficult to sell through bankruptcy, the plaintiffs' ability to fly the airplane would be diminished, and insurance on the airplane would be affected.

The question before the Court, then, is whether or not the automatic stay will be violated if the defendant is allowed to proceed with its sale of the non-debtors' one-half interest in the airplane at issue.

Upon the commencement of a case in bankruptcy, an estate is created, the property of which includes any legal or equitable interest the debtor has in property as of the filing of the petition. 11 U.S.C. § 541(a)(1) (1978). The one-half undivided interest in the Cessna airplane consequently is included in property of the estate.

The filing of a petition in bankruptcy operates as a stay, applicable to all entities, of any act to create, perfect or enforce any lien against the property of the estate. 11 U.S.C. § 362(a)(4) (1978). Assuming *arguendo* that the defendant's sale of the non-debtors' one-half interest in the airplane (which the defendant admits is an act enforcing a lien on the airplane) will somehow affect the property of the estate, this activity would be one which the automatic stay contemplates preventing.

It seems appropriate at the outset to determine what incidents of ownership are attendant to the plaintiffs' one-half undivided interest in the airplane. Tenants in common are each entitled to the reasonable use, occupancy, benefit and possession of the common property. *Apodaca v. Tome Land & Implement Company (NSL)*, 91 N.M. 591, 577 P.2d 1237 (1978); *Northcutt v. McPherson*, 81 N.M. 743, 473 P.2d 357 (1970); *Williams v. Sinclair Refining Company*, 39 N.M. 388, 47 P.2d 910 (1935). Possession of one cotenant is, in the contemplation of law, possession of the other cotenants. *Kinney v. Ewing*, 83 N.M. 365, 492 P.2d 636 (1972). Therefore, it would appear that what the plaintiffs own is an undivided interest in the airplane and a right to use and enjoy the entire personalty, but not to the exclusion of the other co-owners.

Although a cotenant has the right to use the entire property regardless of its percentage undivided interest, a cotenant does not have the power to bind through sale or otherwise another cotenant's undivided interest without being authorized to do so. *James v. Anderson*, 39 N.M. 535, 536, 51 P.2d 601 (1935). *James* dealt with the question of leasing, rather than selling which is at issue here. However, in light of the fact that this Court found no New Mexico case-law directly relating to sales by one cotenant, the Court finds support for the proposition that the law regarding conveyances other than leases and leases are analogous in terms of a co-owner's right to bind the other co-owners' interests. *See Lawrence v. Donovan*, Mont., 619 P.2d 1183 (1980);

*Stone-Fox, Inc., v. Vandehey Development Company*, 46 Or.App. 465, 611 P.2d 1195 (Ct.App.1980); *Beckstrom v. Beckstrom*, Utah, 578 P.2d 520 (1978).

The proposed sale at issue contemplates the non-debtors' interest in the airplane, as is indicated by the Notice of Sale, exhibit B to plaintiffs' complaint. The plaintiffs' undivided interest will not be affected unless they so authorize. The plaintiffs have not so authorized. Therefore, in terms of property law, it follows that plaintiffs' undivided interest in the plane will not be conveyed away or alienated by the defendant's sale.

However, in terms of bankruptcy law, will property of the estate be affected by this sale? It would seem that the effect of the sale will merely be to substitute one co-owner for another; the airplane itself will remain in the possession, or in "trust" as the plaintiffs assert, of the plaintiffs. The plaintiffs will continue to have and enjoy their undivided one-half interest in the airplane. They will continue to be able to use and possess the whole if they so desire without fear of their right being impinged upon as a result of the sale. There was nothing presented to the Court during the hearing which indicated a deflation of the value of the airplane which might occur as a result of the sale.

This Court finds that the property of the plaintiffs' estate will not be affected by allowing defendant to proceed with its sale. Therefore, this Court finds that the automatic stay will not be violated if defendant proceeds with its sale. Consequently, there appears to be no need to enforce the automatic stay.

This Court will not enjoin the defendant from proceeding with its sale. However, if plaintiffs post a bond of $250.00 with the Clerk of the Bankruptcy Court by 5:00 p. m. February 5, 1982, this Court orders that the sale be stayed pending appeal of this decision.

An appropriate order will enter.